489 P.2d 881

Lloyd G. SWIFT, Plaintiff-Appellant,

v.

SHOP RITE FOOD STORES, INC., et al.,
Defendants-Appellees.

No. 9231.

Supreme Court of New Mexico.

Oct. 18, 1971.

Hannett, Hannett, Cornish & Barnhart,
Albuquerque, for appellant.

Branch & Dickson, Bill Chappell, Jr.,
Albuquerque, for appellees.

## OPINION

MONTOYA, Justice.

Plaintiff-appellant Lloyd G. Swift, here-inafter referred to as "Swift," a former employee of defendant-appellee Shop Rite Food Stores, Inc., hereinafter referred to as "Shop Rite," filed suit in Bernalillo County seeking a declaration that certain restrictions against competition contained in Shop Rite's profit sharing plan were unenforceable against Swift. Both parties moved for summary judgment and the trial court entered an order and judgment granting Shop Rite's motion.

While Swift was employed by Shop Rite at Wichita Falls, Texas, he became eligible and voluntarily joined Shop Rite's profit sharing plan. The plan provided that a participating employee would forfeit certain credits to his account, representing contributions made by Shop Rite, in the event the employee terminated his employment and, within one year, accepted employment which was directly or indirectly in competition with Shop Rite. The plan also provided for an administrative committee to interpret and construe provisions of the plan, decide disputes arising under the terms of the plan, and direct the administration of the plan. The plan provided further that determinations of the administrative committee were binding upon all interested parties.

Some time after having joined the plan, Swift voluntarily terminated his employment with Shop Rite and, within one year, entered the employ of American Community Stores in Nebraska. Swift requested the trial court to find that American Community Stores operates stores in Iowa and Nebraska, and that Shop Rite does not have stores in either of those states. Swift also requested the trial court to find that Shop Rite operates stores in New Mexico and Texas, where wholly owned subsidiaries of American Community Stores operate grocery concessions in discount houses.

Swift was paid all amounts contributed by him under the provisions of the plan. However, the administrative committee determined that he had entered competition with Shop Rite within one year and, in consequence thereof, Swift was to forfeit that portion contributed by Shop Rite. It is that portion which Swift sought when he asked the trial court to declare invalid the restriction against competition within one year.

On appeal, Swift argues that the actions of the administrative committee were arbitrary and capricious, and that his rights were violated. Swift asks this court to review the decision of the administrative committee.

Swift cites Russell v. Princeton Laboratories, Inc., 50 N.J. 30, 231 A.2d 800 (1967), in support of his contention. In Russell, an employee was unable to continue in his job because it had become deleterious to his health. He requested a change in job assignment, but none was available and he was forced to terminate his employment with the company. Pension fund benefits were declared forfeited by a committee of employees, under a provision of the plan which provided for forfeiture if an employee left the company voluntarily. The trial court granted the company's motion for summary judgment, but the appellate court reversed, holding that the termination of employment was not voluntary. The court examined the composition of the committee which had declared the forfeiture and found that the members of the committee had a pecuniary interest in the decision. Any sum not given to the employee would be shared among the remaining employees, who numbered about twenty-five. In addition, the appellate court concluded that the pension fund was not a mere gratuity, but something the employee had earned. The court reasoned that the fact that he could no longer work at the company should not affect his rights to something he had already earned.

We believe the Russell case and the instant case are clearly distinguishable. Swift voluntarily joined Shop Rite's profit sharing plan. He did so with full knowledge that the decisions of the committee would be binding upon him. When Swift terminated his employment, he did so voluntarily with full knowledge of the plan's provision against direct or indirect competition within one year thereafter. Upon Swift's voluntary employment with American Community Stores, he accepted the possibility that the administrative committee could find him in competition with Shop Rite. These facts distinguish the instant case from the Russell case upon which Swift relies. In light of voluntary acceptance by the employee of the provisions of the plan, and in the absence of any showing of fraud or bad faith, this court will not examine the decision of the administrative committee. Lano v. Rochester Germicide Co., 261 Minn. 556, 113 N.W.2d 460 (1962); Gitelson v. Du Pont, 17 N.Y.2d 46, 268 N.Y.S.2d 11, 215 N.E.2d 336 (1966); see also, Annot. 42 A.L.R.2d 461 at 472. The trial court correctly found that the administrative committee acted within the scope of the authority granted to it under the terms of the plan, and its decision was not arbitrary or capricious.

Swift also argues that the restriction contained in the plan is against the public policy of New Mexico, because such restriction is without territorial limits, citing Nichols v. Anderson, 43 N.M. 296, 92 P.2d 781 (1939), and Lovelace Clinic v. Murphy, 76 N.M 645, 417 P.2d 450 (1966).

█ Nothing in the plan gives Shop Rite the right to enjoin Swift from being employed by a competing business, nor could Swift be civilly liable to Shop Rite for any breach of covenant. Therefore, the cases cited by Swift are clearly distinguishable.

In this case, there is no unreasonable restriction of the freedom of Swift to earn a living, nor is the public necessarily deprived of Swift's skill and services. The provision of Shop Rite's profit sharing plan against competition did not bar Swift from accepting employment in a competing business. Swift had the choice of preserving his interest in the profit sharing plan by not accepting competing employment within one year, or risking forfeiture of his interest by exercising his right to work for whomever he chose. See, Kristt v. Whelan, 4 A.D.2d 195, 164 N.Y.S.2d 239 (1957), aff'd 5 N.Y.2d 807, 181 N.Y.S.2d 205, 155 N.E.2d 116 (1958). We do not believe the restriction in the plan offends the public policy of New Mexico.

The decision of the trial court is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.