555 P.2d 699

**Emilio CHAVEZ, Plaintiff-Appellant,**

v.

**SANDIA CORPORATION, Defendant-Appellee.**

**No. 10897.**

Supreme Court of New Mexico.

Oct. 14, 1976.

Louis G. Stewart, Jr., Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, W. A. Sloan, Kenneth R. Brandt, Albuquerque, for appellee.

OPINION

McMANUS, Justice.

Emilio Chavez, plaintiff-appellant, appeals from a decision rendered by the District Court of Bernalillo County, upholding the action of the Sandia Corporation's Employee Benefits Committee (Committee), which denied the plaintiff benefits for his alleged total and permanent disability because of a mental disorder. Plaintiff appeals from an order denying a trial by jury and from an order limiting the scope of review of the Committee's decision. This Court has already ruled that the denial of a jury trial was proper in a previous mandamus proceeding brought before this Court by the plaintiff; therefore, we will not reconsider that issue.

The plaintiff also contends that the district court erred in limiting its review to a determination of whether the decision of the Committee was "arbitrary, capricious or affected by bad faith, fraud or illegality; or such gross mistake as would imply bad faith or a failure to exercise an honest judgment." The plaintiff's position is that

this was a suit for breach of contract and that the district court should have considered not only whether the employer had acted in bad faith or in an arbitrary and capricious manner, but also whether the Committee was. in error. in its decision. We do not agree and we affirm the decision of the trial court.

Plaintiff was employed as a security guard at Sandia Corporation for over eighteen years and he became eligible for Sandia Corporation's retirement and disability plan after he had completed fifteen years of continuous employment. The plan was to be administered by the Employee Benefits Committee, and provided for a disability pension if the employee became totally and permanently disabled.·

Plaintiff suffered a back injury in May of 1973 and some time later developed psychiatric problems. He saw a variety of doctors between June 1973, and July of 1975. The reports of the several doctors were conflicting and after a review of plaintiff's case the Committee denied the plaintiff's claim. Since then plaintiff has refused to return to work.

■ The district court properly limited its review to the question of whether the decision was made in bad faith or was arbitrary or capricious. The plan provided that the decision of the employer would be final and this Court has held that, "[i]n light of voluntary acceptance by the employee of the provisions of the plan, and in the absence of any showing of fraud or bad faith, this court will not examine the decision of the administrative committee." *Swift v. Shop Rite Food Stores, Inc.*, 83 N.M. 168, 169, 489 P.2d 881, 882 (1971). The decision of the district court was supported by substantial evidence and there was no showing of fraud, capriciousness or bad faith by the Committee. Therefore, we affirm the decision of the district court.

IT IS SO ORDERED.

OMAN, C. J., and EASLEY, J., concur.