MILTON J. KRISTT, Individually and as a Representative of All Beneficiaries under a Deed of Trust, Dated December 28, 1943, Respondent-Appellant, v. JOHN J. WHELAN et al., as Trustees under a Deed of Trust, Dated December 28, 1943, Appellants-Respondents, and ANDREW J. HAIRE, JR., et al., as Executors of Andrew J. Haire, Deceased, et al., Respondents.

First Department, June 25, 1957.

*Maurice Fixel* of counsel (*Kanton, Fixel & Rose,* attorneys), for respondent-appellant.

*Francis S. Bensel* of counsel (*W. Frederick Knecht* with him on the brief; *Kelley, Drye, Newhall & Maginnes,* attorneys), for appellants-respondents and respondents.

McNALLY, J. Defendants appeal from that part of the judgment which awards a recovery on the first cause of action and plaintiff appeals from the part of the judgment which dismisses the third to sixth causes of action, inclusive. The second cause of action was dismissed voluntarily with prejudice. The first cause of action is for the recovery of a sum alleged to be due the plaintiff under the trust agreement herein. The third cause of action is for damages resulting from an alleged conspiracy to deprive plaintiff of his interest in the trust fund. The remaining causes of action are representative in character. The fourth and fifth causes of action are to declare invalid various modifications of the trust. The sixth cause of action is for the removal of the trustees named in the trust agreement for misconduct.

The original deed of trust was made December 28, 1943, between Haire Publishing Co., Inc. (hereinafter Haire) and Andrew J. Haire, John Whelan and Justin McCann, as trustees. Article Six (par. 3) provides for the right of Haire to amend the deed of trust by written instrument, provided the amendment does not operate to revest in Haire any of the trust assets, or to divest any beneficiary of his interest in the trust fund, or give any beneficiary any assignable or exchangeable interest in the trust in advance of the distributions thereby provided for.

On April 26, 1948, before any rights in the trust, under the provisions thereof, had vested in the plaintiff, Article Four was amended by the addition of paragraph " 7 ", providing, in part: " If any beneficiary at any time while he is entitled to (1) any payment from the Trust, or (2) to his share in the Trust, and whether he shall then be in the employ of Company or not, shall engage or be employed in any occupation or business which is in competition with the company in any of the publishing fields then engaged in by the Company, the Trustees shall upon request in writing by the Employer, cause the entire interest of such Beneficiary to be forfeited, and upon such forfeiture, the Beneficiary shall have no right thereto."

On September 29, 1953, plaintiff voluntarily terminated his employment with Haire and entered into competition with it. On October 15, 1953, by reason of plaintiff's said conduct, Haire requested the trustees to forfeit plaintiff's interest in the trust and the trustees complied with said request.

The right to amend, on the part of Haire, was reserved in the original deed of trust dated December 28, 1943. Thereafter, on April 26, 1948, before any of plaintiff's rights became vested under the terms and provisions of the trust, Haire exercised its right to amend the deed of trust as hereinabove set out. Subsequent to April 26, 1948, all rights of the plaintiff under and his interest in the trust fund were subject to forfeiture as in said amendment provided. (*Jones* v. *Valentine,* 164 Misc. 443–444, affd. 276 N. Y. 585; *Roddy* v. *Valentine,* 268 N. Y. 228, 231–232; *McNevin* v. *Solvay Process Co.,* 32 App. Div. 610, affd. on opinion below 167 N. Y. 530; *Burgess* v. *First Nat. Bank,* 219 App. Div. 361.)

The original deed of trust defines when the interests of the beneficiaries vest. Such provision is found in paragraph 2 of Article Four thereof which provides for a number of vesting events, to wit, notice by any beneficiary of vesting after 10 years of employment, death of a beneficiary, termination of employment of any beneficiary (age 65 or more in the case of a male and age 60 or more in the case of a female) through no fault of his, and termination of employment of a beneficiary by voluntary resignation or otherwise " through fault of his own." Therefore, on this view, at the time of the said amendment, plaintiff had no rights or interest immune from divestment or forfeiture except as limited by Article Four. Consequently, too, this view does not hold that plaintiff obtained vested rights only when moneys were due or paid but simply that he had no nonforfeitable rights or interest except upon the occurrence of the events as defined in the deed of trust.

Plaintiff, relying upon *Gearns* v. *Commercial Cable Co.* (177 Misc. 1047, affd. 266 App. Div. 315, affd. 293 N. Y. 105), argues that his interest in the trust fund vested prior to the amendment and the forfeiture. In the *Gearns* case, the plaintiff sought to recover a monthly payment alleged to be due him under a pension plan. Plaintiff had retired in May, 1932 and, prior to the institution of the action, had been receiving monthly benefits until May, 1941, when the defendant refused to make further payments. The action was defended on two grounds: (1) that the pension was payable solely out of profits, which defendant alleged had not been earned during 1941; and (2) that the pension was not payable out of capital assets. Paragraph 19 of the pension plan provided (p. 1048): " The Company may, at any time, determine or from time to time alter this plan, but any such determination or alteration, if made without the consent of an employee entitled to benefits thereunder, shall not affect or prejudice the rights of such employee under this plan."

The Court of Appeals, as matter of law, held in *Gearns* that the plaintiff had failed to establish profits for the year 1941 and had also failed to establish the existence of any other fund from which the pension was payable. That case did not present for determination the scope of the right to amend, which was there subject to the consent of the employees. In the instant case the right to amend is unfettered. The opinion of the trial court in that case (177 Misc. 1047, 1048) said by way of dictum: " Even in the absence of such a provision, it is doubtful if defendant arbitrarily could have refused payment as the plan was not merely a benefaction but a contract supported by plaintiff's consideration of continued services under the plan and his acceptance of other obligations under it." In support of the dictum, the trial court cited cases of other jurisdictions and one New York case, *McNevin* v. *Solvay Process Co.* (32 App. Div. 610, *supra*).

In the *McNevin case* (affd. 167 N. Y. 530) it was held that the voluntary pension fund there involved constituted a gift which did not vest in the employee until actual payment to the employee. At page 612, the court said: " It must be conceded, at the outset, that a person or a corporation proposing to give a sum for the benefit of any person or any set of persons has the right to fix the terms of his bounty, and provide under what circumstances the gift shall become vested and absolute. Under the regulations established it seems to me that none of the employees has a vested interest in any part of this fund, even though credited upon their pass books, until the gift is

completed by actual payment. Until that time it is an inchoate gift.''

In support of the fourth and fifth causes of action, plaintiff contends that the amendment of April 26, 1948, is against public policy and restrains competition. This contention is without substance. It is no unreasonable restriction of the liberty of a man to earn his living if he may be relieved of the restriction by forfeiting a contract right or by adhering to the provisions of his contract. (*Simons* v. *Fried,* 302 N. Y. 323, 326; *Stover* v. *Gamewell Fire Alarm Tel. Co.,* 164 App. Div. 155, 159.) The provision for forfeiture here involved did not bar plaintiff from other employment. He had the choice of preserving his rights under the trust by refraining from competition with Haire or risking forfeiture of such rights by exercising his right to compete with Haire. The following statement in *Simons* v. *Fried* (*supra,* p. 326) is apropos:

'' Thus the Frieds have only to dispose of their Simons Company stock in accordance with the contract and they will then be wholly free to engage or invest in any lawful business anywhere.

'' The Frieds are not wanting in understanding. No fraud or imposition was practiced upon them by Alexander Simons. The contract in question was carefully drawn. We find therein no element of unfairness. The Frieds ought therefore to be held to their bargain.''

The third and sixth causes of action herein were properly dismissed for failure of proof of the allegations thereof.

On the defendants' appeal, the judgment for the plaintiff on the first cause of action should be reversed and the said cause of action should be dismissed on the merits. On the plaintiff's appeal, the judgment should be affirmed.

RABIN, J. (dissenting in part). I dissent and vote to modify the judgment by reducing it to a sum equivalent to the balance standing to the credit of the plaintiff at the time of the adoption of the amendment in 1948.

Concededly, the trust was created for the benefit of the employees, and it was, as stated in *Gearns* v. *Commercial Cable Co.* (293 N. Y. 105, 113) : '' to urge him to work steadily, by holding out to him some hope of freedom from want in the not unlikely event of a wearing-out of his own vigor through his day by day part in the defendant's business.'' The '' bank book '' given to the plaintiff in this case, showing his increasing balance in the fund year by year, states as one of the objects of the trust plan that '' [i]t enables us to further reward faithful service and to provide protection for the future.''

There is no question but that the company reserved the right to amend the plan. However, this right to amend was not unfettered to a point where the company could by amendment take away any interest a beneficiary had already acquired in the fund prior to the actual vesting of the money due him as the majority holds. It was a qualified right. It was limited to such amendment as would not " divest any beneficiary of his interest in the Trust fund held for his benefit." That amendment was written in this limited manner for the protection of the beneficiaries of the trust. If we were to hold that the word " divest " applied only to his interest when it became vested under the Trust indenture, then the limitation clause is mere surplusage. The beneficiary would need no protection in such case because when the money, as distinguished from his interest in the fund, vested under the terms of the trust, no amendment could take it away from him. It would be his absolute.

The clause should be construed so as to give it some necessary meaning. The instrument having been written by the company, any doubt should be resolved in the favor of the plaintiff. In construing the word " divest ", we must give it such meaning as would be understood by the employee in whose interest it was written. Construing it in that manner, the word " divest" would mean " to take away ". It should be noted that the word " vested " does not appear before the word " interest " and it was, therefore, intended that the company be barred by the terms of the indenture from amending it so as to take away not only a vested interest, but *any* interest of the employee in the fund. And it may not be said that at the time this amendment was made the employee had no interest in this fund. To construe the limitation clause otherwise would make illusory all of the benefits set up in the interest of the employees. Thus, the number of ways in which the company could take away the rights of the employees would only be limited by the extent of one's imagination.

The majority refers to the case of *McNevin* v. *Solvay Process Co.* (32 App. Div. 610, 612, affd. 167 N. Y. 530) where the court says: " that none of the employees had a vested interest in any part of this fund * * * until the gift is completed by actual payment." That case is to be distinguished. There, the trust at its very inception provided, as stated by the Appellate Division (p. 611), " that the funds shall be and remain the sole property of the defendant, and absolutely subject to the control of its trustees ". In this case the funds which the company deposited could in no circumstances be retrieved or controlled. Clause 6 of the trust fund provides as follows: " 6.

*Company has no interest in the Fund.* Notwithstanding anything hereinbefore in this Article Two contained, or anything contained in any other article of this Indenture as now expressed, or as may hereafter be amended, it shall be impossible at any time prior to the satisfaction of all liabilities with respect to employees of this Company who are beneficiaries, and their beneficiaries, for any part of the corpus or income of the trusts hereby created, to be used for or diverted to purposes other than the exclusive benefit of such employees or their beneficiaries.''

Had the forfeiture amendment been written into the original trust there would be no question but that the violation of it would prevent the plaintiff from obtaining the money he seeks, because then he could have remained in the employ of the company subject to those conditions or not as he chose. Likewise he is not entitled to any money subsequent to the time of the amendment because then too he could have remained in the employ of the company subject to the provisions of the amendment or not, as he chose. However, having earned his interest in the fund before the amendment, it may not be taken away from him retroactively because the limitation in the right to amend, as I construe it, expressly prohibits it.

Accordingly, the judgment should be modified as indicated herein.

BREITEL, J. P., FRANK and VALENTE, JJ., concur with McNALLY, J.; RABIN, J., dissents in part and votes to modify in opinion.

Order on defendants' appeal, the judgment for the plaintiff on the first cause of action is reversed and the said cause of action dismissed on the merits. On plaintiff's appeal, the judgment is affirmed. Settle order on notice.