Jack P. RISCH, Plaintiff,

v.

WAUKESHA TITLE CO., INC., a Wisconsin corporation, Waukesha Title Co., Inc. Profit Sharing Plan and John J. Gehringer, Defendants.

No. 83–C–697.

United States District Court,
E.D. Wisconsin.

July 2, 1984.

T. Michael Schober and Steven J. Lownik, New Berlin, Wis., for plaintiff.

John W. Hammes, Waukesha, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Mr. Risch, brought this action to recover benefits allegedly owed by one of the defendants, Waukesha Title Company (Waukesha), under a profit sharing plan governed by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. This court's jurisdiction is based on 29 U.S.C. § 1132 and 28 U.S.C. § 1331. The case was tried to the court on June 11, 1984.

## FINDINGS OF FACT

Waukesha employed Mr. Risch as an account solicitor from May 1, 1974, until April 30, 1981. At the time Mr. Risch was hired, he was told by Waukesha's president that the company administered a profit sharing plan. Specific provisions of the plan regarding vesting and forfeiture were not discussed. The plan in effect when Mr. Risch joined Waukesha had started in 1966. During Mr. Risch's employment, the plan was revised twice, in 1976 and 1979.

Under the 1966 plan, an employee's plan participation, i.e., entitlement to employer contributions, began only after three years of service. Section 202 of ERISA, 29 U.S.C. § 1052, enacted in 1974, mandated participation by employees after one year of service for plan years beginning after December 31, 1975. Waukesha's 1976 plan amended the 1966 plan to comply with ERISA. Thus, Mr. Risch was a "participating employee" under the 1976 and 1979 plans but not under the 1966 plan.

Under the 1976 and 1979 plans, Waukesha contributed sums on behalf of plan participants out of corporate profits. An employee's vested interest in employer contributions depended on years of service. The vesting schedule was the same under the 1976 and 1979 plans:

| Years of Vesting Schedule Service | Portion of Participant's Company Contribution Account Vested in Participation |
|---|---|
| Less than 4 | 0% |
| At least 4 but less than 5 | 40% |
| At least 5 but less than 6 | 50% |
| At least 6 but less than 7 | 60% |
| At least 7 but less than 8 | 70% |
| At least 8 but less than 9 | 80% |
| At least 9 but less than 10 | 90% |
| 10 or more | 100% |

1976 Plan § 4.02
1979 Plan § 9.02

Both the 1976 and 1979 plans included anti-competition forfeiture provisions:

> Any participant who leaves the Company's service with less than ten years of Vesting Schedule Service and who, within two years of such termination, directly or indirectly aids a competitor of the Company as an employee, shareholder, partner, proprietor, officer or director, shall forfeit his entire vested interest.

1976 Plan § 4.04

> Any Participant who leaves the Employer's Service with less than ten (10) years of vesting schedule service and who, within one (1) year of such termination, directly or indirectly aids a competitor of the company as an employee, shareholder, partner, proprietor, officer or director shall forfeit his entire vested interest. This provision shall not apply to any participant who leaves the company's service and is employed by a competitor of the company outside of Waukesha County, Wisconsin.

1979 Plan § 5.02

Mr. Risch was not aware of the forfeiture provision of the 1976 plan until he received

a copy of a summary plan description on December 29, 1978. On December 24, 1980, Mr. Risch received a copy of a summary plan description of the 1979 plan which included notice of the 1979 plan's forfeiture provision. During Mr. Risch's employment, Waukesha contributed to the plan on his behalf in the following amounts:

| 1976 & 1977 | $ 6,536.80 |
| 1978 | 3,913.31 |
| 1979 | 4,579.32 |
| 1980 | 4,691.43 |
| TOTAL | $19,720.86 |

Mr. Risch left the defendants' employment on April 30, 1981. Under the plan, an employee with seven years of service normally acquires a 70% vested interest in benefits derived from the employer's contributions to the plan. Thus, Mr. Risch's vested interest in the $19,720.86 contributed by Waukesha would have been $13,804.60. Mr. Risch, however, upon leaving the defendant, immediately took employment with the Minnesota Title Company, one of Waukesha's competitors. Invoking the forfeiture provision of the 1979 plan, Waukesha denied Mr. Risch any portion of the accumulated employer contributions.

### CONCLUSIONS OF LAW

The plaintiff challenges the defendant's enforcement of § 5.02 on three grounds: (1) ERISA forbids forfeiture of vested benefits, (2) Waukesha failed to provide notice of the forfeiture clause until December 29, 1978, rendering the clause unenforceable under both ERISA and state contract law, and (3) the anti-competition forfeiture clauses in effect from 1966 through April 1981 unreasonably restrained competition in violation of Wis.Stats. § 103.465.

The minimum vesting requirements of ERISA § 203, 29 U.S.C. § 1053, are absolute; interest which must be vested under § 1053 cannot be forfeited. Noting that Waukesha's 1979 plan provides for 40% vesting after four years' employment and 10% additional vesting each year thereafter until the participant is 100% vested after ten years of service, the plaintiff con-

tends that the minimum vesting standards of 29 U.S.C. § 1053(a)(2)(B) apply. Under § 1053(a)(2)(B), an employer's contributions are not 100% vested until after fifteen years, but a growing portion becomes nonforfeitable after the fifth year. After seven years of employment, 35% of an employer's contributions is absolutely non-forfeitable.

If Waukesha's plan were governed by § 1053(a)(2)(B), 35% of the employer's contributions would undoubtedly be non-forfeitable. Section 1053(a)(2)(B), however, is only one scheme by which an employer can satisfy ERISA's minimum vesting requirements. It is clear that Waukesha's profit sharing plan meets the minimum vesting standards of 29 U.S.C. § 1053(a)(2)(A), which allows an employer to delay the date after which contributions are non-forfeitable provided the employer *fully* vests the plan participant after ten rather than fifteen years:

"A plan satisfies the requirements of this paragraph if it satisfies the requirements of subparagraph (A), (B), or (C).

(A) A plan satisfies the requirements of this subparagraph if an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions."

29 U.S.C. § 1053(a)(2)(A)

Under both Waukesha's 1976 and 1979 plans, benefits derived from employer contributions become absolutely non-forfeitable after ten years of service. This is all that ERISA requires. A forfeiture provision in such a plan relevant to employees with less than ten years of service is not forbidden. Therefore, I find that neither plan violates the minimum vesting standards of 29 U.S.C. § 1053.

Next, the plaintiff contends that the forfeiture provision of the 1979 plan is unenforceable under Wisconsin contract law and under ERISA because he had no notice of a forfeiture provision until December 29, 1978. The plaintiff argues that, because he had no notice when he accepted employment with Waukesha, there was no meet-

ing of the minds and, therefore, no contract with respect to the forfeiture provision.

■ Employee profit sharing plans, like employee health or other benefit plans, are rarely negotiated between the parties. Wisconsin law has never required that the specific provisions of such plans be disclosed to employees. I reject the plaintiff's argument that any undisclosed restrictions or conditions placed on benefits in such plans are unenforceable. See *Voight v. South Side Laundry*, 24 Wis.2d 114, 128 N.W.2d 411 (1964).

The plaintiff's reliance on *Rosploch v. Alumatic Corp.*, 77 Wis.2d 76, 251 N.W.2d 838 (1977), is misplaced. In *Rosploch*, the Wisconsin supreme court held that an employer could not deny profit sharing benefits to the plaintiff based on an anti-competition clause enacted by amendment to an original plan where the pre-amendment plan under which the plaintiff's benefits had accrued specifically prohibited any deprivation of vested benefits by amendment. The anti-competition forfeiture provision in the case at bar was not enacted by amendment. On the contrary, all benefits were earned under plans which included anti-competition forfeiture clauses.

■ Under the reporting provisions of ERISA, 29 U.S.C. § 1024(b)(1)(A), Waukesha had a duty to furnish Mr. Risch with a summary plan description within 120 days after he became a plan participant, or on May 1, 1976. The plaintiff did not receive a summary plan description until December 29, 1978. Despite the defendant's procedural violation, the forfeiture clause is enforceable because the defendant's failure to give notice did not prejudice the plaintiff. A plaintiff has no right to an equitable remedy for procedural violations under ERISA unless he has thereby been prejudiced. *Hillis v. Waukesha Title Company*, 576 F.Supp. 1103, 1109 (E.D.Wis.1983). When the plaintiff left Waukesha to work for a competitor, he had known of the forfeiture provisions in the profit sharing plan for more than two years. The cause of his loss of benefits, his reemployment with a competitor, was unrelated to the defendant's failure to provide notice of the forfeiture clause before December 29, 1978.

The plaintiff contends that he suffered prejudice from the defendant's failure to provide notice because his agreement to render services to Waukesha was contingent on a right to employer profit sharing contributions unrestricted by an anti-competition clause; this argument is not persuasive. The plaintiff began working for Waukesha two years before ERISA required the defendants to furnish him with a summary plan description. He continued his employment for more than two years after he learned of the forfeiture provision. It is simply not credible under the facts of the case that the plaintiff's decision to continue his employment during the period that the defendants failed to comply with ERISA's reporting requirements was influenced by his ignorance of the forfeiture clause.

■ Finally, the plaintiff argues that the anti-competition clauses contained in the 1966 and 1976 profit sharing plans violated Wis.Stats. § 103.465, which forbids unreasonable anti-competition clauses in employment contracts. The plaintiff contends that the anti-competition clauses of both plans are not reasonably limited geographically and that the 1966 provision is also not reasonably limited temporally.

The anti-competition provisions of the 1966 and 1976 plans are irrelevant because only the anti-competition clause of the 1979 plan was enforced against the plaintiff, and the plaintiff could not, therefore, have been harmed by the earlier provisions. The anti-competition clause of the 1979 plan is limited in effect to one year and applies only in Waukesha County, Wisconsin. The plaintiff does not dispute that the 1979 provision satisfies Wis.Stats. § 103.465. The legality of the 1976 anti-competition clause under Wis.Stats. § 103.465 was recently upheld by Chief Judge John W. Reynolds in *Hillis v. Waukesha, supra.*

Therefore, IT IS ORDERED that the plaintiff's complaint against the defendants

and this action be and hereby are dismissed.