Merwin F. KAMENSTEIN, Plaintiff,

v.

JORDAN MARSH COMPANY and Allied Stores Corporation, Defendants.

Civ. A. No. 85–2285–G.

United States District Court, D. Massachusetts.

Dec. 13, 1985.

———

Barry C. Klickstein, Forman, Roberts, Klickstein & Levy, Boston, Mass., for plaintiff.

Edward Notis-McConarty, Hemenway & Barnes, Boston, Mass., John F. Cannon, Arline Mann, Sullivan & Cromwell, New York City, for defendants.

## MEMORANDUM AND ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

GARRITY, District Judge.

This is an action filed by plaintiff Merwin F. Kamenstein to recover deferred bonus compensation withheld by defendants pursuant to a "forfeiture for competition" provision in the deferred compensation plan that plaintiff participated in while employed by defendants. Plaintiff charges defendants with violations of the reporting and disclosure requirements of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and further alleges that the forfeiture provision is invalid and not enforceable against him. Plaintiff and defendants have both moved for summary judgment.[1] The extensive supporting briefs, affidavits and exhibits submitted by the parties reveal the following undisputed facts.

*Factual Background*

Plaintiff was employed by Donaldson's Division, a wholly-owned subsidiary of Allied Stores Corporation. During plaintiff's employment at Donaldson's, he became eligible to participate in Allied's bonus compensation deferral plan (the "Plan"). The Plan provided to a limited number of employees the opportunity to defer receipt of bonus compensation and thus income tax liability thereon until termination of employment with Allied. Following termination, deferred bonus compensation and accrued interest were payable to the employee in 120 equal monthly installments. The Plan contained a forfeiture provision under which an executive's entitlement to defer compensation was made contingent on his refraining from competitive activity after leaving Allied. An employee had a right to request Allied to make a determination as to whether a particular business activity contemplated by the employee would be deemed to be "in competition with" Allied so as to subject deferred compensation to forfeiture. While the Plan is somewhat unclear on this point, it appears that a former employee who engaged in competitive activity forfeited any installment payments falling due during the period of competitive activity. However, should such former employee discontinue competitive activity, he became entitled to receive the remainder of the monthly installment payments. Finally, the Plan provided that all rights, obligations and conditions set forth therein were to be governed by the laws of New York.

Plaintiff left Donaldson's in 1971 to accept a position as Vice-President and later as President of Jordan Marsh Company, another division of Allied. During plaintiff's employment at Jordan Marsh, he elected to defer bonus compensation for the 1975, 1976 and 1977 fiscal years by signing a written agreement which stated:

I recognize that these deferral arrangements are subject to the terms and conditions, including the forfeiture or suspension of payments under specified circumstances, set forth in the Description of Deferral Arrangements which I have received.

On June 4, 1979, plaintiff resigned the employ of Jordan Marsh to accept a position as President, and later as Chairman, of Filene's Department Stores, a division of

---

1. Defendants have filed an opposition to plaintiff's motion to amend the complaint and motion for summary judgment on the ground that the filing of these motions was not authorized by the court in the hearing on September 20, 1985. However, inasmuch as defendants have responded already in their reply memorandum to any new issues raised by plaintiff's motions, there would be little purpose in the court's disregarding them.

Federated Department Stores, Inc. In February, 1984, plaintiff moved to Atlanta, Georgia, to assume the position of President of Rich's Department Store, another division of Federated.

Two Brooks Brothers stores which are owned by another wholly-owned subsidiary of Allied opened in Atlanta in 1984, shortly after plaintiff moved there.

### The Cross-Motions for Summary Judgment

Defendants' position is that plaintiff's employment at both Filene's and Rich's Department Store constituted a business activity in competition with Allied, within the meaning of the forfeiture provision, and any monthly installments falling due during such employment were thereby forfeited. Defendants further argue that their alleged failure to comply with the reporting and disclosure requirements of ERISA, 29 U.S.C. §§ 1021–1030, is not actionable in the absence of a causal connection between such failure and the injury claimed by plaintiff.[2]

Plaintiff, on the other hand, maintains that the forfeiture provision in the Plan is invalid as a matter of law, invalid as applied to plaintiff, that the agreement between plaintiff and defendants fails for lack of consideration, and that plaintiff has a valid cause of action under ERISA § 1132(a), which authorizes a civil action by a plan beneficiary or participant to recover benefits due under a plan or to redress violations of the Act.

On a motion for summary judgment, the court must determine whether no genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. The court must look at the record in the light most favorable to the party opposing the motion. Fed.R. Civ.P. 56(c). After hearing and consideration of the briefs, affidavits and exhibits submitted by the parties, the court grants

in part and denies in part plaintiff's and defendants' motions for summary judgment.

### Plaintiff's ERISA Claim

Plaintiff alleges that defendants failed to comply with the reporting and disclosure requirements of ERISA, 29 U.S.C. §§ 1021–1030. Defendants concede noncompliance but argue that plaintiff has failed to establish any causal connection between his alleged injury and defendants' violation of such requirements. The complaint is silent as to how plaintiff has been injured by defendants' noncompliance. While the court is not obligated to guess at a plaintiff's cause of action, it appears that plaintiff is arguing, with respect to the reporting violations, that Allied should have furnished him with reports stating that his deferred bonus compensation was being forfeited monthly during his employment with Federated. If plaintiff is now asserting that he would have reconsidered or abandoned his employment with Federated, the record is certainly devoid of any evidence to that effect.

In fact, when plaintiff left Jordan Marsh to assume a position at Filene's, he requested and received an accounting of his deferred compensation and accrued interest. Additionally, the court notes that if plaintiff had been concerned that his new employment might cause a forfeiture of such deferred compensation, he could have requested that Allied make a determination as to whether employment with Filene's would constitute competitive activity. Obviously, plaintiff did not need Allied to inform him that Filene's does in fact compete with Jordan Marsh. However, in October 1984, during plaintiff's employment with Rich's Department Store, Allied, at plaintiff's request, did make a determination that the forfeiture provisions of the Plan would continue to apply since Rich's allegedly competed with Brooks Brothers, a sub-

---

**2.** Plaintiff also alleged in the complaint that the Plan's forfeiture provision violated the vesting, funding and fiduciary requirements of ERISA, 29 U.S.C. § 1001 et seq. (1974). However, plaintiff concedes in his brief that the Plan is exempt from such requirements and therefore has withdrawn that claim.

sidiary of Allied. With respect to information that would have been furnished to plaintiff by defendants pursuant to ERISA's reporting requirements, the record suggests that such information was already actually known by plaintiff or, at the very least, known by plaintiff to be available upon request.

Similarly, it is difficult to conceive how plaintiff has been injured or prejudiced by defendants' failure to comply with the disclosure requirements. Plaintiff concedes that he was provided with a description of the deferral arrangements and was under no obligation to participate in the deferred compensation plan. He also concedes that he was fully aware of the Plan's forfeiture provision. In fact, the written deferral agreements signed by plaintiff expressly referred to the Plan's forfeiture provision.

■ In order for an employee to recover for violations of ERISA's reporting and disclosure requirements, he must establish that he was somehow prejudiced by the employer's noncompliance. In situations where the employee has actual knowledge of the provisions of the plan and the extent of his accumulated benefits, failure on the part of the employer to comply with ERISA's reporting and disclosure requirements does not give rise to a cause of action. *See, e.g., Risch v. Waukesha Title Co., Inc.,* D.Wis.1984, 588 F.Supp. 69 (where employee knew of plan's forfeiture-for-competition provision for more than two years prior to leaving employer to work for competitor); *Rubin v. Decision Concepts, Inc.,* S.D.N.Y.1983, 566 F.Supp. 1057 (where complaining employee had actual knowledge of the information which the employer was required to furnish).

In the instant case, plaintiff has failed to establish any prejudice flowing from defendants' noncompliance. The record amply supports the conclusion that plaintiff had actual knowledge of all the information which he now complains defendants failed to report or disclose. Accordingly, with respect to plaintiff's claim under ERISA, no genuine issue exists as to any material fact and defendants are entitled to judgment as a matter of law.

### The Forfeiture Provision

Plaintiff next raises several arguments concerning the interpretation, application and enforceability of the forfeiture-for-competition provision contained in the Plan.[3]

The crux of the controversy here is not the general validity and enforceability of the forfeiture-for-competition provision in Allied's elective deferred compensation plan. Rather, it is Allied's interpretation and concomitant application of that provision to plaintiff's conduct after leaving Jordan Marsh. Essentially, plaintiff disagrees with Allied's interpretation of that provision and argues that if such interpretation is correct, then the provision is unreasonable, void as a matter of law, and unenforceable against him. Interpretation of a provision contained in a written agreement is ordinarily a question of law for the court to determine. Furthermore, where the contract terms are clear on their face and no disputed evidence is offered as to the parties' contractual intent, questions of contract interpretation appropriately may be disposed of on a motion for summary judgment. Whether the parties disagree as to the meaning of contract terms is irrelevant where such terms themselves are unambiguous. *See, e.g., Edmunds v. United*

---

**3.** The supporting and opposing briefs submitted by the parties focus heavily on whether, under New York law—the governing law by agreement of the parties—the "employee choice" doctrine applies to the instant non-competition provision. That doctrine holds that non-competition clauses are not unreasonable where the employee is given the choice of either working for a competitor and foregoing benefits or of accepting the benefits and refraining from competitive

activity. *Kristt v. Whelan,* N.Y. 1st Dept.1957, 4 App.Div.2d 195, 164 N.Y.S.2d 239, *aff'd* 5 N.Y.2d 807, 181 N.Y.S.2d 205, 155 N.E.2d 116. However, the forfeiture provision at issue here is reasonable as interpreted by the court, and hence it is unnecessary to decide whether, under New York law, the "employee choice" doctrine continues to govern forfeiture-for-competition provisions.

*States,* 1 Cir.1981, 642 F.2d 877, 881; *Leslie Fay, Inc. v. Rich,* D.N.Y.1979, 478 F.Supp. 1109.

In the instant case, defendants' position is that plaintiff's employment with Filene's and with Rich's Department Store in Atlanta, Georgia, both constituted a "business activity ... in competition with that of Allied" for the purposes of Paragraph III(1) of the Plan. Defendants argue that the language of the forfeiture provision applies to employment with any corporation which conducts a business in competition with Allied, even if the former employee's immediate employer is not in direct competition with an Allied unit. In other words, the language of that provision has enterprise-wide implications, and since Allied and Federated are competitors, presumably, in defendants' view, plaintiff could not work for any division of Federated without forfeiting his deferred bonus compensation.

■ The court, however, disagrees because the plain import of that language is that forfeiture does not occur unless the employee voluntarily leaves Allied to work for a company which is in direct competition with an Allied unit. Competition, in the ordinary sense, connotes the efforts by two or more parties of similar strength and situation to gain the custom of a third party by offering the most favorable terms. In a business context, it refers to two or more enterprises offering similar products or services in the same market and vying for the patronage of a similar segment of the consuming public. Defendants' expansive interpretation of the "competing with" phrase is not only contrary to the everyday meaning of that term, but is also unnecessary to protect their legitimate business interest in protecting against disclosure of trade secrets and confidential information to competitors by former employees. Accordingly, the court rejects defendants' interpretation.

■ There is no genuine issue of material fact as to what plaintiff did upon leaving the employ of Allied. Rather, the parties' disagreement focuses on the legal issue of whether plaintiff's subsequent employment should properly have caused a forfeiture of his deferred bonus compensation. Plaintiff's employment as President and then Chairman of Filene's from June 1979 to February 1984 clearly constituted a business activity competing with that of Allied. Plaintiff held a position at Filene's comparable to that held at Jordan Marsh. Furthermore, all the usual indicia of competition exist between Jordan Marsh and Filene's such as the close proximity of their stores, the similarity of the merchandise, and the prices at which it is offered. In short, the two companies present a classic example of head-to-head competition. Accordingly, the court holds that with respect to plaintiff's employment at Filene's, Allied properly determined that such employment worked a forfeiture of the installment payments of plaintiff's deferred compensation falling due within the period from June, 1979 through January, 1984. Defendants thus are entitled to summary judgment in their favor on plaintiff's claim for deferred compensation payments for that period.

The court, however, reaches a different conclusion regarding plaintiff's employment at Rich's Department Store. First, Brooks Brothers is owned by a corporation which Allied acquired subsequent to plaintiff's terminating his employment at Allied. Furthermore, the two Brooks Brothers Stores located in Atlanta which defendants contend compete with Rich's, were opened after plaintiff moved to Atlanta and began working for Rich's. Had plaintiff requested Allied to determine in January of 1984, before it bought Brooks Brothers, whether plaintiff's new employment would constitute competitive activity, Allied could not, in good faith, have found that such employment worked a forfeiture. The same result is warranted where plaintiff has established new employment prior to Allied's acquisition of an allegedly competitive business in the same location. Otherwise, in order to protect his rights to deferred bonus compensation, plaintiff would have to move out of a town every time Allied moved in.

Lastly, the evidence, apart from defendants' bare assertion, clearly demonstrates that Rich's and Brooks Brothers do not compete within the meaning of the forfeiture provision as construed by the court. Rich's is a large department store which offers a wide variety of clothing, furniture, athletic equipment, appliances, electronics, and travel and optical services. In contrast, Brooks Brothers offers only a limited selection of high quality clothing at comparatively high prices. The court concludes that Allied improperly found that plaintiff's employment with Rich's constituted a competitive business activity. Plaintiff is entitled to any installment payments of deferred compensation falling due after January, 1984, as per the terms set forth in the Plan.[4] Accordingly, the court grants plaintiff's motion for summary judgment with respect to plaintiff's claim for payments of deferred compensation payable since the commencement of plaintiff's employment with Rich's Department Store.

### Conclusion

In summary, defendants' motion for summary judgment on plaintiff's ERISA claim is allowed. Otherwise, the motion is denied. Plaintiff's motion for summary judgment on his claim for deferred bonus compensation is granted with respect to installment payments falling due under the terms of the Plan after January, 1984. The parties shall stipulate to a dollar amount on or before December 27, 1985.

---

**4.** Plaintiff's claim that the agreement between plaintiff and defendants lacked consideration or that the consideration failed is without merit. Plaintiff voluntarily chose to participate in the Plan and it is not the role of the court to pass on the advisability or wisdom of that choice. Furthermore, inasmuch as the court has found that plaintiff is entitled to payments falling due after January, 1984 and therefore will receive the benefit of deferred income tax liability thereon, clearly there has been no failure of the consideration for the agreement.