■ COMPUTER TASK GROUP, INC., Appellant, v J. DAVID EHLKE, Respondent. (Appeal No. 1.) [731 NYS2d 422] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting the motion of defendant seeking partial summary

judgment on liability with respect to his counterclaims for back retirement benefits under an Executive Supplemental Benefit Plan (Plan) and a declaration that plaintiff is required to pay benefits to defendant in the future; awarding defendant counsel fees pursuant to the Labor Law; and dismissing plaintiff's complaint. In granting defendant's motion, the court determined that the non-compete provision of the Plan is unreasonable. That was error. Pursuant to the non-compete provision, defendant's receipt of benefits under the Plan is forfeited if defendant competes with plaintiff. "It is no unreasonable restriction of the liberty of a man to earn his living if he may be relieved of the restriction by forfeiting a contract right or by adhering to the provisions of his contract" (*Kristt v Whelan*, 4 AD2d 195, 199, *affd* 5 NY2d 807). Defendant "had the choice of preserving his rights under the [Plan] by refraining from competition" with plaintiff (*Kristt v Whelan, supra*, at 199). Thus, defendant is bound by the terms of the Plan. We further conclude, however, that plaintiff is not entitled to summary judgment because an issue of fact remains whether defendant knew or should have known that he was "[e]ngaging in activities or businesses which are substantially in competition with" plaintiff. We reject the contention of defendant that the non-compete provision does not apply because his benefits were nonforfeitable under the Plan. To the contrary, the plain language of the Plan provides that the benefits are subject to the forfeitability rules of the non-compete provision. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.