■ Lenel Systems International, Inc., Appellant-Respondent, v Richard Todd Smith, Respondent-Appellant. [824 NYS2d 553]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered July 7, 2005. The order denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking rescission of three incentive stock option agreements (Option Agreements) that grant defendant options to purchase shares of plaintiff's common stock. The terms of the Option Agreements provide that, "[i]n consideration of the grant of [the options]," defendant agrees that he shall not "directly or indirectly, as an . . . employee . . . , conduct business in competition in any way" with plaintiff or its products while employed by plaintiff and for a period of time after his employment with plaintiff ends. Plaintiff alleges in its complaint that defendant became employed by a competing corporation within three weeks of resigning from his position with plaintiff. Defendant answered and asserted a counterclaim seeking payment of dividends on shares of plaintiff's stock allegedly owned by defendant. Plaintiff moved for summary judgment rescinding the Option Agreements. Defendant cross-moved for summary judgment dismissing the complaint and for summary judgment on his counterclaim awarding him dividends and directing plaintiff to issue "the outstanding stock certificates to him." Supreme Court properly denied the motion and cross motion.

In analyzing the motion and cross motion, the court referred to cases where companies attempted to enforce contractual forfeiture-for-competition clauses (*see e.g. Kristt v Whelan*, 4 AD2d 195 [1957], *affd* 5 NY2d 807 [1958]; *Computer Task Group v Ehlke*, 286 AD2d 973, 974 [2001]). Here, however, the Option Agreements do not contain forfeiture clauses. Plaintiff is seeking to rescind the Option Agreements altogether. "As a general rule, rescission of a contract is permitted 'for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (*RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654 [2005], quoting *Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284 [1910]). We conclude that the court properly denied the motion and cross motion because there are questions of fact whether defendant breached the Option Agreements and, if he did, whether that breach was so substantial that it defeated the object of the parties in making the contracts. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.