**Paul M. MORRIS, Plaintiff–Appellant,**

v.

**SCHRODER CAPITAL MANAGEMENT INTERNATIONAL and Schroder Investment Management North America Inc., Defendants–Appellees.**

**Docket No. 05–0823–cv.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 7, 2005.

Decided: Jan. 11, 2007.

Frank H. Wright, Frank H. Wright & Associates, P.C., New York, NY, for Plaintiff–Appellant.

Mark G. Hanchet (Christine N. Kearns, Julia E. Judish, Pillsbury Winthrop Shaw Pittman LLP, Washington, DC, on the

brief), Pillsbury Winthrop Shaw Pittman LLP, New York, NY, for Defendants–Appellees.

Before McLAUGHLIN, CALABRESI, and B.D. PARKER, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Paul M. Morris sued his former employer alleging breach of contract for failure to pay him certain deferred compensation benefits. We assume familiarity with the underlying facts and procedural history, which are provided at *Morris v. Schroder Capital Mgmt. Int'l,* 445 F.3d 525 (2d Cir.2006), *certified question answered by Morris v. Schroder Capital Mgmt. Int'l,* 7 N.Y.3d 616, 825 N.Y.S.2d 697, 859 N.E.2d 503 (2006). The United States District Court for the Southern District of New York (George B. Daniels, *J.)* dismissed the complaint for failure to state a claim, finding that Morris had forfeited his rights to certain benefits under various deferred compensation plans, including, *inter alia,* a covenant not to compete. The district court held that because Morris had failed to state a claim of constructive discharge, the covenant not to compete was valid pursuant to New York's employee choice doctrine, which permits enforcement of restrictive covenants without regard to a covenant's reasonableness.

On appeal, we certified to the New York Court of Appeals the question of whether the constructive discharge test is the appropriate legal standard to apply when determining whether an employee voluntarily or involuntarily left his employment for purposes of the employee choice doctrine. In an opinion issued on November 21, 2006, the New York Court of Appeals answered in the affirmative. *Morris v. Schroder Capital Mgmt. Int'l.,* 7 N.Y.3d 616, 825 N.Y.S.2d 697, 859 N.E.2d 503 (2006).

Under New York law, non-compete clauses in employment contracts are disfavored and will only be enforced to the extent reasonable and necessary to protect valid business interests. *See BDO Seidman v. Hirshberg,* 93 N.Y.2d 382, 690 N.Y.S.2d 854, 712 N.E.2d 1220 (1999); *Post v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 48 N.Y.2d 84, 421 N.Y.S.2d 847, 397 N.E.2d 358 (1979). New York courts have carved out an exception, known as the employee choice doctrine, in cases where an employer conditions the receipt of post-employment benefits upon compliance with a restrictive covenant. *Post,* 48 N.Y.2d at 88, 421 N.Y.S.2d 847, 397 N.E.2d 358. This doctrine assumes that an employee who voluntarily leaves his employment makes an informed choice between forfeiting his benefits or retaining the benefits by avoiding competitive work. *See Post,* 48 N.Y.2d at 88–89, 421 N.Y.S.2d 847, 397 N.E.2d 358; *Kristt v. Whelan,* 4 A.D.2d 195, 199, 164 N.Y.S.2d 239 (N.Y.App.Div.1957), *aff'd without opinion* 5 N.Y.2d 807, 181 N.Y.S.2d 205, 155 N.E.2d 116 (1958). Although a restrictive covenant will be enforceable without regard to reasonableness if an employee left his employment voluntarily, a court must determine whether forfeiture is reasonable if the employee was terminated involuntarily and without cause. *Post,* 48 N.Y.2d at 89, 421 N.Y.S.2d 847, 397 N.E.2d 358.

In determining whether an employee's departure was voluntary when the employer did not explicitly terminate the employment without cause, we look to whether a "constructive discharge" has taken place. *Pena v. Brattleboro Retreat,* 702 F.2d 322, 325 (2d Cir.1983). Constructive discharge occurs "when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Id.* (in-

ternal quotation marks omitted). In response to our certified question, the New York Court of Appeals concluded that the "constructive discharge test is appropriate in the context of [New York's] 'employee choice' doctrine."

As we stated in our order of April 18, 2006, that the federal test for constructive discharge applies to involuntary terminations under New York's employee choice doctrine is dispositive of this case. Even assuming the truth of Morris's factual allegations and giving him the benefit of all reasonable inferences, he has failed to plead that the working conditions at his former place of employment were "so difficult or unpleasant that a reasonable person in [his] shoes would have felt compelled to resign." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir.2000).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of the complaint.