# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1113

CA 11-02485

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

LENEL SYSTEMS INTERNATIONAL, INC.,
PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

RICHARD TODD SMITH, DEFENDANT-APPELLANT.

---

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J. WEISHAAR OF COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered September 22, 2011. The order, among other things, denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking rescission of three incentive stock option agreements (Option Agreements) that grant defendant options to purchase shares of plaintiff's common stock. The terms of the Option Agreements provide that, "[i]n consideration of the grant of [the options]," defendant agrees that he shall not "directly or indirectly, as an . . . employee . . . , conduct business in competition in any way" with plaintiff or its products while employed by plaintiff and for a period of time after his employment with plaintiff ends (noncompete provision). Plaintiff alleges in its amended complaint that defendant became employed by a competing corporation within three weeks of resigning from his position with plaintiff.

In a prior appeal, we concluded that Supreme Court properly denied plaintiff's prediscovery motion for summary judgment rescinding the Option Agreements. We further concluded that the court properly denied defendant's cross motion for summary judgment dismissing the complaint and for summary judgment on his counterclaim, which sought dividends and an order directing plaintiff to issue "the outstanding stock certificates to him." We concluded that neither party was entitled to summary judgment inasmuch as there were triable issues of fact whether defendant breached the Option Agreements and, if he did, whether the breach was so substantial that it defeated the object of the parties in making the contracts (*Lenel Sys. Intl., Inc. v Smith*,

34 AD3d 1284, 1285).

The parties thereafter conducted discovery and, as relevant to this appeal, defendant moved for summary judgment seeking, inter alia, dismissal of the amended complaint, which seeks rescission of the Option Agreements, and for judgment on several of his counterclaims, i.e., for payment of money and liquidated damages. The court denied the motion, and we now affirm.

Rescission is an equitable remedy (*see Singh v Carrington*, 18 AD3d 855, 857), which "rests on the equitable principle that a person shall not be allowed to enrich himself [or herself] unjustly at the expense of another" (*Miller v Schloss*, 218 NY 400, 407). The effect of rescission "is to declare [a] contract void from its inception and to put or restore the parties to status quo" (*Cusack v American Defense Sys., Inc.*, 86 AD3d 586, 588). As a general rule, rescission of a contract is permitted where there is a breach of contract that is " 'material and willful, or, i[f] not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (*RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654, quoting *Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284).

Here, we conclude, as we did in the earlier appeal (*Lenel Sys. Intl., Inc.*, 34 AD3d at 1285), that there are triable issues of fact whether defendant breached the Option Agreements by accepting employment with an allegedly competing business and, if so, whether such breach "substantially defeats" the purpose of those agreements (*Eldridge v Shaw*, 99 AD3d 1224, 1225 [internal quotation marks omitted]; *see WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1617). The Option Agreements provide that "[plaintiff] considers it desirable and in its best interest that [defendant] be given an inducement to acquire a further proprietary interest in [plaintiff], and an added incentive to advance the interests of [plaintiff]" by providing defendant with certain stock options. Plaintiff's general counsel and director of business development testified at his deposition that a key purpose of the noncompete provision is to encourage employees to remain with the company for an extended period of time and to ensure that the employees' interests are "aligned with that of the company . . . by them owning a piece of the company." Indeed, plaintiff's stock option plan states that its purpose is to "encourage stock ownership by directors and selected officers and employees of [plaintiff] . . . to increase their proprietary interest in the success of [plaintiff] and to encourage them to remain in the service or employ of [plaintiff]." If an employee chooses to terminate his or her employment with plaintiff in order to work for a competing entity, that choice would no doubt frustrate, if not defeat, the purpose of the Option Agreements.

Defendant contends that rescission is unavailable to plaintiff because the noncompete provision is unreasonable and thus unenforceable as a matter of law. We reject that contention. Although defendant correctly cites the well-settled proposition that "noncompete clauses in employment contracts are not favored and will

only be enforced to the extent reasonable and necessary to protect valid business interests" (*Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 620; *see Post v Merrill Lynch, Pierce, Fenner & Smith*, 48 NY2d 84, 86-87, *rearg denied* 48 NY2d 975), there is an equally well-settled exception to that general principle "where an employer conditions receipt of postemployment benefits upon compliance with a restrictive covenant" (*Morris*, 7 NY3d at 620-621; *see Lucente v International Bus. Mach. Corp.*, 310 F3d 243, 254). Under the "employee choice doctrine," if an employee "is given the choice of preserving his [or her] rights under his [or her] contract by refraining from competition or risking forfeiture of such rights by exercising his [or her] right to compete, there is no unreasonable restraint upon an employee's liberty to earn a living" (*Morris*, 7 NY3d at 621; *see Kristt v Whelan*, 4 AD2d 195, 199, *affd* 5 NY2d 807). Where the doctrine applies, "a restrictive covenant will be enforceable without regard to reasonableness" so long as an employee voluntarily left his or her employment (*Morris*, 7 NY3d at 621; *see Post*, 48 NY2d at 89; *see also Lucente*, 310 F3d at 254; *International Bus. Mach. Corp. v Martson*, 37 F Supp 2d 613, 619-620).

Here, defendant agreed to the posttermination noncompete provision in exchange for the receipt of additional incentive compensation, i.e., stock options (*see generally International Bus. Mach. Corp.*, 37 F Supp 2d at 617). Upon entering into the Option Agreements, defendant agreed to refrain from competing with plaintiff while employed by plaintiff and for a period of two years after his termination from employment. Defendant specifically acknowledged and agreed that the noncompete provision was "reasonable and will not operate to deprive [him] of his means of support or livelihood and that [he] has received fair and adequate consideration therefor." The Option Agreements did not bar defendant from seeking or accepting other employment (*see Kristt*, 4 AD2d at 199). Rather, upon defendant's decision to leave plaintiff's employ, he had "the choice of preserving his rights under the [Option Agreements] by refraining from competition with [plaintiff] or risking forfeiture of such rights by exercising his right to compete with [plaintiff]" (*id.; see Morris*, 7 NY3d at 622). Contrary to the contention of defendant, the absence of an explicit forfeiture-for-competition clause in the Option Agreements does not prevent plaintiff from seeking rescission of the stock options under the circumstances of this case. Here, defendant's promise not to compete with plaintiff during his employment and for a period of time thereafter was the sole consideration for the Option Agreements. It therefore follows that, if defendant chose to compete with plaintiff in violation of the only material condition of the agreements, defendant would give up his right to the stock options promised in exchange (*see generally York v Actmedia, Inc.*, 1990 WL 41760, *1). Thus, defendant "ma[de] an informed choice between forfeiting his [stock options] or retaining the benefit by avoiding competitive employment" (*Morris*, 7 NY3d at 621).

All concur except CARNI and WHALEN, JJ., who dissent and vote to modify in accordance with the following Memorandum: We respectfully dissent. Plaintiff contends that rescission of the three incentive stock option agreements (Option Agreements) that grant defendant

options to purchase shares of plaintiff's common stock is justified based on failure of consideration.  The relevant consideration language in the Option Agreements is as follows:  "In consideration of the grant of this option, [defendant] agrees that while employed by [plaintiff], and for a period of two years after termination of employment for any reason, . . . [defendant] shall not directly or indirectly . . . conduct business in competition in any way" with plaintiff (hereafter, restrictive covenant).  That language appears to set forth two separate forms of consideration for the stock options, i.e., defendant's agreement to abide by the restrictive covenant while employed by plaintiff and for two years after termination of employment.  It is undisputed that, while employed, defendant adhered to the restrictive covenant for approximately six years, thereby providing plaintiff with part of the consideration.  It is not unusual for companies to ensure that their employees are devoting all of their time and energy to them and not pursuing competing opportunities by consulting or other means.  Courts have held that where there is not a total failure of payment, a breach is not so substantial to permit rescission (see *Septembertide Pub, B.V. v Stein and Day, Inc.*, 884 F2d 675, 678-679).  Here, because defendant gave partial consideration by complying with the restrictive covenant while employed by plaintiff, rescission of the Option Agreements is not permitted.  It should be noted that plaintiff could have elected to pursue damages based upon defendant's competition post-employment but did not do so.

We would therefore modify the order by granting that part of defendant's motion for summary judgment dismissing the amended complaint and on his first, second, third and fourth counterclaims.  However, defendant is not entitled to summary judgment on his 10th through 12th counterclaims.

Entered:  May 3, 2013                              Frances E. Cafarell
                                                   Clerk of the Court