13-3058-cv
Caskey v. County of Ontario

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT: BARRINGTON D. PARKER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*

_____

DEBORAH W. CASKEY,

                 *Plaintiff - Appellant,*

         v.                                       No.    13-3058-cv

COUNTY OF ONTARIO,

                 *Defendant - Appellee.*

_____

FOR APPELLANT:                  Deborah W. Caskey, *pro se* (Christina A. Agola, Christina A. Agola, PLLC, Rochester, New York, filed a brief on behalf of Appellant before being relieved).

FOR APPELLEE:                  Kristen J. Thorsness, Office of the Ontario County Attorney, Canandaigua, New York.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 16, 2013, is AFFIRMED.

Plaintiff-appellant Deborah W. Caskey appeals from the decision and order entered on July 16, 2013, dismissing her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Caskey's complaint alleged claims of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), as well as a retaliation claim under the ADA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal, to which we refer only as necessary to explain our decision.

"We review *de novo* dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, that tenet is "inapplicable to legal conclusions." Id. A claim will have "facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To plead a claim under the ADEA, a plaintiff must allege that: (1) she was within the protected age group; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. See Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000).

Similarly, to state a plausible claim for discrimination under the ADA, a plaintiff must allege that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability." Capobiacno v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005).

Finally, to state a claim for retaliation under the ADA, a plaintiff must allege that: "(1): [s]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manilus, 313 F.3d 713, 719 (2d Cir. 2002).

"We define an adverse employment action as a materially adverse change in the terms and conditions of employment." Sanders v. N.Y.C. Human Res. Admin., 361 F.3d

3

749, 755 (2d Cir. 2004) (internal quotation marks omitted). Examples of such materially adverse changes include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Id. (internal quotation marks and ellipsis omitted). An adverse employment action may also take the form of a constructive discharge, which occurs "when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Morris v. Schroder Capital Mgmt. Int'l, 481 F.3d 86, 88 (2d Cir. 2007) (internal quotation marks omitted).

Caskey argues that the district court subjected her complaint to a pleading standard higher than required by Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). Regardless of the continued vitality of Swierkiewicz after Iqbal and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), Caskey's reliance on Swierkiewicz is misplaced. Unlike in Swierkiewicz, the district court here did not dismiss Caskey's complaint for failing to plead sufficient circumstances that support an inference of discrimination. See Swierkiewicz, 534 U.S. at 510-11. Rather, the district court dismissed Caskey's complaint because she had not alleged any adverse employment action that plausibly entitled her to relief.

Because we agree with the district court's determination, we need not determine whether Caskey's complaint plausibly alleged the other elements of her ADA and ADEA

4

claims. Caskey alleges that she was "compell[ed] . . . to retire," Compl. ¶¶ 76, 82, and that several incidents which occurred after she filed her September 2009 EEOC charge constituted adverse employment actions. The complaint, however, is bereft of any factual allegations to render those assertions plausible, because none of the incidents constitutes a "materially adverse change in the terms and conditions of [her] employment." Sanders, 361 F.3d at 755. Although the complaint alleges "several changes" in Caskey's work responsibilities, Compl. ¶¶ 67-68, there is no allegation that those changes materially increased or significantly diminished her responsibilities, much less that those changes made her position intolerable, thereby coercing her into retirement, and constituting a constructive discharge. See Morris, 481 F.3d at 88. Given that Caskey has failed to plausibly allege an adverse employment action on the basis of her age or potential disability, we conclude that the complaint is not "plausible on its face," Iqbal, 556 U.S. at 678, and therefore fails to state either an ADA or ADEA discrimination claim.

We reach the same conclusion with respect to Caskey's ADA retaliation claim. Because we have concluded that there was no actual or constructive discharge that resulted in Caskey's retirement, the only potential adverse employment action that would render the retaliation claim plausible is the inartfully stated allegation that Caskey's request for leave related to her disability was denied. But Caskey, through counsel, conceded at oral argument below that she received all of the leave she requested, and that there was therefore no plausible cause of action for ADA retaliation.

5

We have considered all of Caskey's remaining arguments and find them to be

without merit.  For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court