■ SALLY A. CORCORAN, Respondent-Appellant, v THOMAS F. CORCORAN, Appellant-Respondent.—Judgment unanimously modified and, as modified, affirmed, with costs to plaintiff, and matter remitted to Onondaga Supreme Court for further proceedings in accordance with the following memorandum: Plaintiff and defendant were divorced by a judgment granted pursuant to subdivision (6) of section 170 of the Domestic Relations Law. On the trial no question was raised concerning the parties' compliance with subdivision (6) of section 170 of the Domestic Relations Law or the effectiveness of the separation agreement as a basis for the divorce. Plaintiff wife, however, during the trial attacked the provisions of the agreement pertaining to support for herself and the nine children of the marriage as unconscionable and upon the further ground that she was not represented by counsel when the agreement was made. The court found invalid as against public policy the term of the agreement providing for a reduction in the support payments, in the event of the wife's employment, by the net amount of her earned income. The court found the agreement otherwise fair and enforceable. The support provisions of the agreement, dated December 1, 1971, as modified by an addendum, dated October 20, 1973, were incorporated but not merged in the decree except for the invalid provision pertaining to the

decrease in support in the event of the wife's employment. On appeal, plaintiff wife contends that the court erred in failing to reform the agreement so as to make it fair in the light of the plaintiff's needs and the defendant's ability to pay and she, in effect, asks us on appeal to rewrite the agreement. Defendant argues that the court had no legal basis for reforming the agreement and that if the agreement was unfair as the result of overreaching, the proper remedy was rescission. Defendant asks that the court's decision to modify the agreement by deleting the invalid provision be reversed and that the judgment be otherwise affirmed or, in the alternative, that the economic provisions of the agreement be rescinded and the matter remitted for a trial de novo on these issues. We agree with defendant that there is no basis in the record for reformation. The court cannot substitute by reformation an agreement which it thinks is proper but to which the parties had never assented (Leffler v Leffler, 50 AD2d 93, 95, affd 40 NY2d 1036). In view of the fact that plaintiff entered into the agreement without legal representation and considering the inadequacy of the amount provided to plaintiff to cover the expenses of the children, the mortgage payments, taxes and repairs on the house, and the size of defendant's income as a dentist and the amount available to him after payment of support, alimony and income taxes, we hold that the support provisions as set forth in paragraphs 5 and 12 of the agreement of December, 1971 and in the addendum of October, 1973 are unconscionable and accordingly rescind them. (Christian v Christian, 42 NY2d 63.) We also find that the award to plaintiff for counsel fees is inadequate and increase the amount to $3,500. (Domestic Relations Law, § 237.) Accordingly, we reverse that provision in the decree declaring the separation agreement to be fair, just and equitable, and also the seventh, eighth and ninth decretal paragraphs of the decree pertaining to support and alimony based on the aforesaid provisions of the agreements, and modify the last decretal paragraph of the decree pertaining to counsel fees. The decree is otherwise affirmed. The matter is remitted for a plenary trial on the issues pertaining to support. (Appeals from judgment of Onondaga Supreme Court—divorce, support.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.