■ GRAMERCY 222 RESIDENTS CORP. et al., Appellants, v GRAMERCY REALTY ASSOCIATES et al., Respondents, et al., Defendants. (And Other Actions.) [618 NYS2d 275] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about March 31, 1993, which (a) granted defendants-respondents' motion for partial summary judgment dismissing plaintiffs' seventh and eighth causes of action, (b) granted judgment on defendants-respondents' third counterclaim, (c) denied plaintiffs' cross-motion for summary judgment on their seventh and eighth causes of action, (d) granted defendants-respondents' motion to reform the proprietary lease, (e) directed plaintiffs to account to defendants-respondents for all monies collected by plaintiffs as rent for the use of the loading dock at the subject premises as a parking lot, and (f) enjoined plaintiffs from interfering with the use of said loading dock and collecting rents for such use during the remaining term of the proprietary lease; and order of the same court and Justice entered on or about March 14, 1994, which denied plaintiffs' motion to renew, unanimously affirmed, without costs.

Extrinsic evidence was properly admitted to determine the ownership of the loading dock due to the ambiguity of the term "appurtenances" in the proprietary lease *(see, Rock Ridge Townhouses v Village of Tupper Lake,* 99 AD2d 914). Further, extrinsic evidence is admissible in a reformation action even if there is no ambiguity *(Thompson v Howell,* 20 AD2d 963). The court properly found that defendants presented strong evidence of mutual mistake *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 573-574), based upon the provisions in the Offering Plan, the parties' pattern of performance subsequent to the date of the lease, and the testimony of the attorney who drafted the documents and represented both parties in the conversion *(see, Hadley v Clabeau,* 140 Misc 2d 994, *affd* 161 AD2d 1141). Finally, the court properly denied the motion to renew since none of the "evidence" presented could not have been submitted on the initial motions; in any event, we find such material would not warrant a different result. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.