■■■ Jacob P. Myles et al., Plaintiffs-Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, Inc., Appellant, et al., Defendant. [748 NYS2d 121] —Appeal from an order of Supreme Court, Erie County (Howe, J.), entered December 11, 2001, which denied the motion of defendant Snorac, Inc., doing business as Enterprise Rent-A-Car, Inc., seeking a setoff against the stipulation of settlement for the medical expenses of plaintiff that defendant had paid prior to the stipulation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries that Jacob P. Myles (plaintiff) sustained in a July 1999 motor vehicle accident. In October 2001, the parties placed on the record an oral stipulation of settlement, which set forth the amount and manner in which each defendant would contribute to the settlement amount. Supreme Court properly denied the motion of Snorac, Inc., doing business as Enterprise Rent-A-Car, Inc. (defendant), seeking a setoff against the stipulation of settlement for the medical expenses of plaintiff that defendant had paid prior to the stipulation. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230). "[M]atters extrinsic to the [stipulation] may not be considered when the intent of the parties can be gleaned" from the stipu-

lation itself (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56). Here, the stipulation fails to mention any setoff. Thus, defendant's letter to plaintiffs before the stipulation stating that defendant expected to receive a setoff for "all monies paid to [plaintiff] in advance at the time of trial or verdict" is a matter extrinsic to the stipulation that may not be considered. In the absence of any showing by defendant of fraud, collusion, mistake or accident, we conclude that the court properly denied defendant's motion seeking a setoff. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.