■ NEW YORK FIRST AVENUE CVS, INC., Appellant, v WELLINGTON TOWER ASSOCIATES, L.P., et al., Respondents. [750 NYS2d 586] —Order, Supreme Court, New York County (Richard Braun, J.), entered April 1, 2002, which granted defendants' motion to dismiss the complaint, seeking declaratory relief and reformation of a commercial lease, unanimously modified, on the law, to declare in defendants' favor that plaintiff is liable for increases in taxes over the base taxes as defined in paragraph 40A of the rider to the parties' lease, and otherwise affirmed, without costs.

Although mutual mistake may furnish grounds for reforming a written agreement, there is a " 'heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties' " and the "proponent of reformation must 'show in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties' " (*Chimart Assoc. v Paul*, 66 NY2d 570, 574, quoting *Backer Mfg. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219). The party resisting pretrial dismissal of a reformation claim must tender a " 'high level' " of proof in evidentiary form (*Chimart Assoc.* at 574, quoting *Sagan v Sagan,* 53 NY2d 635, 637), " 'free of contradiction or equivocation' " (*Chimart Assoc., supra*, quoting *Backer, supra* at 220).

Plaintiff correctly states that extrinsic evidence is admissible in a reformation action even if there is no ambiguity in the contract (*see Chimart Assoc.*, 66 NY2d at 574; *Gramercy 222 Residents Corp. v Gramercy Realty Assoc.*, 209 AD2d 181), and

a general merger clause does not bar an action to reform a contract (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 86). However, plaintiff's submissions, even when viewed in the light most favorable to it, failed to establish a mutual mistake that would support a reformation claim. At most, plaintiff's submissions establish a unilateral mistake on its part.

The motion court properly held that the provisions of the lease with respect to the base tax year are unambiguous. While plaintiff points to an apparently missing paragraph in the lease, the general merger clause precludes plaintiff from arguing that the executed lease does not contain the full agreement of the parties. We modify only to declare in defendant's favor (*see Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901).

Finally, we note that the decision of the motion court cannot be construed as ruling on the issue of whether plaintiff is entitled to the benefit of a tax abatement allegedly received by defendant since the amended complaint did not seek such relief. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.