■ 2001 COMMERCE STREET CORP., Appellant, v STAR ENTERPRISE et al., Respondents. [788 NYS2d 149]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 19, 2003, as granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of its cross motion which was for summary judgment on the cause of action to recover damages for breach of the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a lease whereby the defendant Star Enterprise agreed to raze and rebuild a gasoline station on the plaintiff's property. The rider to the lease agreement stated that the tenant would construct a gasoline station and food mart in accordance with a site plan dated September 23, 1994. The plaintiff commenced this action against Star Enterprise and its assignees, alleging, inter alia, that the defendants breached the lease by failing to construct a service building on the plaintiff's property as required under the lease.

The provisions of the lease are clear and unambiguous (*see Association for Children With Down Syndrome v County of Suffolk,* 262 AD2d 340 [1999]; *Automotive Mgt. Group v SRB Mgt. Co.,* 239 AD2d 450 [1997]). Under the terms of the lease, the defendants were required to construct a gasoline station and food mart in accordance with the site plan dated September 23, 1994. Since this site plan did not depict a service building, the defendants were not required to build one.

The plaintiff's contention that parol and extrinsic evidence are admissible for the purpose of establishing the existence of a mutual mistake is without merit. The plaintiff's submissions, even when viewed in the light most favorable to it, failed to establish a mutual mistake which would support a claim to reform or rescind the lease. At best, the plaintiff's negligence, or "[c]onscious ignorance," regarding the contents of the site plan (*P.K. Dev. v Elvem Dev. Corp.*, 226 AD2d 200, 201 [1996]), established a unilateral mistake on its part (*see New York First Ave. CVS v Wellington Tower Assoc.*, 299 AD2d 205, 206 [2002]).

If the plaintiff intended for the defendants to build a service building, it could have clearly stated so in the lease (*see Automotive Mgt. Group v SRB Mgt. Co., supra*). "[T]he general merger clause precludes plaintiff from arguing that the executed lease does not contain the full agreement of the parties" (*New York First Ave. CVS v Wellington Tower Assoc., supra* at 206). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.