■ MYRNA WALKER, Respondent, v ROBERT WALKER, Appellant. [888 NYS2d 823]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 3, 2008. The order, among other things, determined that the oral stipulation of the parties made in open court concerning the division of a parcel of real property did not express the true intent of the parties.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: As we noted when this case was previously before us on appeal (*Walker v Walker*, 42 AD3d 928 [2007], *lv dismissed* 9 NY3d 947 [2007]), defendant moved for an order that, inter alia, directed plaintiff to comply with an oral stipulation of the parties made in open court concerning the division of a parcel of real property. The stipulation was incorporated but not merged in the parties' judgment of divorce. On the prior appeal, we concluded that Supreme Court erred in ordering the parcel to be divided in accordance with a survey map procured by plaintiff inasmuch as the stipulation was ambiguous, and we therefore reversed the order and remitted the matter to Supreme Court for a hearing to determine the intent of the parties at the time of the stipulation with respect to the division of the parcel in question. On remittal, the court determined, inter alia, that the oral stipulation did not express the true intent of the parties, and the court "again implement[ed]" the order that was the subject of the prior appeal.

We reject defendant's contention that the oral stipulation was clear on its face. To the contrary, the court properly determined that there was no meeting of the minds, inasmuch as the parties introduced conflicting evidence with respect to their intended division of the property at the time they entered into the stipulation and thereby established that there was a mutual mistake (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453). We agree with defendant, however, that the court abused its discretion in dividing the parcel in accordance with the survey map procured by plaintiff. The court, in effect, reformed the parties' oral stipulation by adopting plaintiff's interpretation of the stipulation based on the survey map, despite the fact that defendant rejected that interpretation. "It is well established that in order to reform a written agreement, it must be demonstrated that the parties came to an understanding but, in reducing it to writing, through mutual mistake or through mistake on one

side and fraud on the other, omitted some provision agreed upon or inserted one not agreed upon" (*Slutzky v Gallati*, 97 AD2d 561 [1983], *lv denied* 61 NY2d 602 [1984]). "Reformation is not a mechanism to interject into the writings terms or provisions not agreed upon or suggested by one party but rejected by the other" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 29 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992], *rearg denied* 81 NY2d 782 [1993]), and a court may not "substitute by reformation an agreement which it thinks is proper but to which the parties had never assented" (*Corcoran v Corcoran*, 73 AD2d 1037, 1038 [1980]). Where, as here, the parties lack the requisite meeting of the minds when they enter into an oral stipulation, the appropriate relief is rescission of the stipulation and restoration of the parties to their prestipulation positions (*see County of Orange v Grier*, 30 AD3d 556, 556-557 [2006]).

In the absence of a valid agreement concerning the division of the parcel in question, such division "must be based upon the equitable consideration and application" of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) (*Cooper v Cooper*, 217 AD2d 904, 905 [1995]). We therefore reverse the order and remit the matter to Supreme Court for equitable distribution of the parcel in accordance with Domestic Relations Law § 236 (B) (5) (d) (*see generally Parsons v Parsons*, 101 AD2d 1017 [1984]). Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.