■ In the Matter of Estate of SALLY C. STEGER, Deceased. MARK J. STEGER, Appellant; KENNETH STEGER et al., Respondents. [916 NYS2d 513]—

In a probate proceeding in which Kenneth Steger petitioned pursuant to SCPA 2205 to compel an estate accounting, Mark J. Steger, the executor of the estate, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated December 18, 2009, as denied his cross motion to vacate a stipulation of settlement, granted

Kenneth Steger's motion, in effect, to enforce the stipulation of settlement, and granted that branch of John C. Steger's cross motion which was, in effect, to enforce the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs to John C. Steger, payable by the appellant personally.

In order to vacate the stipulation of settlement on the ground of mutual mistake, the appellant was required to demonstrate, by clear and convincing evidence (*see Moshe v Town of Ramapo*, 54 AD3d 1030, 1031 [2008]), that a mutual mistake existed at the time the stipulation was entered into, and that the mistake was so substantial that the stipulation failed to represent a true meeting of the parties' minds (*see Etzion v Etzion*, 62 AD3d 646, 653 [2009]; *Hannigan v Hannigan*, 50 AD3d 957, 958 [2008]; *Gro-Wit Capital, Ltd. v Obigor, LLC*, 33 AD3d 859, 859-860 [2006]; *Maury v Maury*, 7 AD3d 585, 586 [2004]; *Mahon v New York City Health & Hosps. Corp.*, 303 AD2d 725 [2003]). The appellant failed to meet his burden (*see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]; *2001 Commerce St. Corp. v Star Enter.*, 14 AD3d 504, 505 [2005]; *see also Harris v Uhlendorf*, 24 NY2d 463, 468 [1969]; *Isaacs v Schmuck*, 245 NY 77, 82 [1927]). Accordingly, the Surrogate's Court properly denied the appellant's cross motion to vacate the stipulation.

The appellant's remaining contentions are without merit. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.