# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

917

CA 11-02065

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THOMAS A. ELDRIDGE, DANIEL L. ELDRIDGE,
DAVID T. ELDRIDGE AND PETER A. ELDRIDGE,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

VINCENT P. SHAW AND MARTHA M. SHAW,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

CARL J. DEPALMA, AUBURN, FOR PLAINTIFFS-APPELLANTS.

THE THURSTON LAW OFFICE, P.C., AUBURN (EARLE E. THURSTON OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered January 28, 2011.  The order, inter alia,
granted the motion of defendants to enforce a stipulation of
settlement and denied the cross motion of plaintiffs to vacate the
stipulation of settlement.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs, who own property adjoining defendants'
property, commenced this action seeking a determination establishing
the location of the common boundary line between those properties.
Before the scheduled trial date, the parties entered into an oral
stipulation of settlement in open court (stipulation), wherein they
agreed that a June 2005 survey map prepared by defendants' surveyor
(defendants' survey) established the location of the boundary between
their properties.  The parties acknowledged that they had reviewed the
defendants' survey, and defendants' attorney later prepared a written
settlement agreement consistent with the stipulation.  Plaintiffs,
however, refused to sign the agreement on the ground that the
defendants' survey inaccurately depicted the location of the boundary
line.  In appeal No. 1, plaintiffs appeal from an order that, inter
alia, granted defendants' motion to enforce the stipulation and denied
plaintiffs' cross motion to vacate the stipulation.  In appeal No. 2,
plaintiffs appeal from an order denying their motion to settle the
record, wherein plaintiffs sought to include the pleadings.  We affirm
in both appeals.

With respect to appeal No. 1, we conclude that plaintiffs failed

to establish by clear and convincing evidence that a mutual mistake existed at the time the parties entered into the stipulation. "In order to vacate a stipulation of settlement on the ground of mutual mistake, the [movant must] demonstrate, by clear and convincing evidence . . . , that a mutual mistake existed at the time the stipulation was entered into, and that the mistake was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Matter of Steger*, 81 AD3d 737, 738; *see Asset Mgt. & Capital Co., Inc. v Nugent*, 85 AD3d 947, 948; *Walker v Walker*, 67 AD3d 1373, 1374-1375). "[M]atters extrinsic to the [stipulation] may not be considered when the intent of the parties can be gleaned from the stipulation itself" (*Myles v Snorac, Inc.*, 298 AD2d 969, 969-970 [internal quotation marks omitted]).

Here, the intent of the parties can be gleaned from the stipulation, wherein they unambiguously agreed that the boundary line between their properties "would be established as the line designated in the [defendants'] survey." The fact that plaintiffs' surveyor found a second iron post on the western boundary of defendants' property approximately four months after the date on which the stipulation was entered does not establish that a mutual mistake existed at the time of the stipulation. The belief of plaintiffs and their surveyor that the defendants' survey may be inaccurate "[is] irrelevant in light of [their] express reference to the [defendants'] survey in the stipulation of settlement. In short, the time to dispute the adequacy of that survey has long since passed" (*French v Quinn*, 243 AD2d 792, 794, *lv dismissed* 91 NY2d 1002). To the extent that plaintiffs contend that the stipulation should be vacated on the ground of fraud, that contention was not advanced before the motion court and thus is unpreserved for our review.

We reject plaintiffs' further contention that the stipulation should be rescinded on the ground that defendants materially breached its terms and conditions by refusing to have their surveyor examine ancient markers allegedly discovered by plaintiffs' surveyor after the parties had entered into the stipulation. "Where, as here, a stipulation is entered into the record pursuant to CPLR 2104, 'courts should construe [the stipulation] as an independent contract subject to settled principles of contractual interpretation' " (*Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc.* [appeal No. 2], 24 AD3d 1229, 1230, quoting *McCoy v Feinman*, 99 NY2d 295, 302). "As a general rule, rescission of a contract is permitted for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual[ ] or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1617 [internal quotation marks omitted]).

Here, plaintiffs are essentially contending that defendants materially breached the stipulation by refusing to modify it after plaintiffs' surveyor allegedly found ancient markers that establish a location of the boundary different from that shown in the defendants' survey. That contention is untenable for the obvious reason that

defendants' refusal to modify the stipulation does not constitute a breach of the stipulation.

We also reject plaintiffs' contention that the stipulation should be rescinded on the ground that defendants materially breached its terms and conditions by spraying weed killer and creating an earth berm on plaintiffs' property. Even assuming, arguendo, that defendants engaged in those actions, we conclude that those alleged breaches would not provide a basis to rescind the stipulation because they are not "material and willful," nor are they "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract," i.e., to establish the placement of the boundary line (*WILJEFF, LLC*, 82 AD3d at 1617; *see Links at N. Hills v Baker*, 226 AD2d 279, 279; *Babylon Assoc. v County of Suffolk*, 101 AD2d 207, 215).

In appeal No. 2, although we agree with plaintiffs that the pleadings should have been included in the record on appeal (*see* 22 NYCRR 1000.4 [a] [2]), dismissal of the appeal from the order in appeal No. 1 is not warranted. The absence of the pleadings does not "render[] meaningful appellate review impossible" inasmuch as this appeal concerns the enforceability of the stipulation, not the merits of plaintiffs' causes of action (*Mergl v Mergl*, 19 AD3d 1146, 1147).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court