■ CONTINENTAL INSURANCE COMPANY, Appellant, v RLI INSURANCE COMPANY et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 13, 1988, which granted the defendants' motion for reargument of an earlier order of the same court, and upon reargument granted the defendants' respective motions for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motions for summary judgment denied, without costs.

Plaintiff Continental Insurance Company issued a policy insuring a group of independent California raisin growers, owners of over 800 farms, against all risks, from the time of the harvesting of grapes through the processing, for the period

from August 10 to December 31, 1982, in the amount of $55 million. Continental then sought to obtain reinsurance through the insurance brokerage firm, defendant G. L. Hodson & Son. Hodson obtained reinsurance from several firms, including defendant RLI Insurance Company.

The insured farmers sustained heavy losses arising from severe rainstorms on September 24, 1982. Continental ultimately paid its insureds $42 million as compensation under the policy, and asserted claims for reinsurance, including a claim for $500,000 against RLI, in accordance with its policy. RLI refused payment, claiming that Continental had misrepresented material facts concerning weather conditions and prior losses. The instant action followed wherein Continental asserts, in its first cause of action, a claim against RLI for breach of the reinsurance contract, and, in its second and third causes of action, alternative claims against its broker, Hodson, for negligence and breach of contract.

In the decision on the initial motion by RLI, and cross motion by Hodson, for summary judgment dismissing the complaint, the IAS court found that there were numerous issues of fact present and denied summary judgment. When defendants moved for reargument, in the main merely rehashing the points made on the original motions, the IAS court reversed itself and granted summary judgment dismissing the complaint based on a finding that plaintiff breached its warranty that there were no known or reported losses, materially increasing RLI's risk of loss, and that by reason thereof plaintiff was precluded from recovery under the policy. Upon our review of the record, we find, contrary to the IAS court's conclusion, that there is a question of fact as to whether plaintiff breached the warranty, in addition to other material questions of fact. Accordingly we reverse and deny the motions for summary judgment.

At the outset, there is an issue as to the effective date of the reinsurance contract. In order to reduce its exposure under the policy, Continental's representatives contacted various reinsurance brokers, including Hodson, earlier in September, for the purpose of obtaining facultative reinsurance from various sources. Continental divided the risk into "layers" for the purpose of placing the reinsurance. On September 15, 1982, Hodson's representative, Molatto, obtained from RLI's agent, McTaggart, an agreement to authorize placement of facultative reinsurance on plaintiff's insurance for 5% of the first excess layer of $10 million over the first primary layer of responsibility of $10 million. Plaintiff claims that the reinsur-

ance contract was effective as of that date, in accordance with the custom in the reinsurance market. However, the parties submitted conflicting documentary evidence on that issue and on the question of whether the policy included a "warranty of no known or reported loss" (WNKRL). The record includes a telex from McTaggart to Hodson, dated September 27, 1982, confirming coverage effective September 23, 1982. While that telex contains other terms of the reinsurance, it includes no mention of any warranty. Defendants, on the other hand, rely on Hodson's formal cover letter to plaintiff, which advises that the reinsurance is effective September 24, 1982, with WNKRL. Accordingly, based on this conflicting evidence triable issues of fact exist as to the effective date of the reinsurance policy and whether it includes the warranty. The date of coverage is especially significant since it is undisputed that the severe rainstorm which caused the extreme damage to the insured's crop, which is at issue on this appeal, began on the night of September 23rd and continued to September 24th.

Moreover, even assuming that the warranty (WNKRL) did exist and that it was breached by plaintiff, a significant issue exists concerning the materiality of such breach. The defendants' claims of a breach are based on the plaintiff's failure to report several relatively minor incidents of damage, or "wettings", to raisins on several farms, caused by small amounts of rainfall earlier in September, and the subsequent possibility of the rotting of 20 to 25 tons of raisins, as evidenced by postcard notifications from 55 farmers to plaintiff between September 8th and 16th. The repetition and highlighting of such claims, on the reargument motion, was the basis for the IAS court's finding that plaintiff materially breached the warranty and its grant of summary judgment to defendants.

However, a breach of warranty does not defeat recovery under an insurance contract "unless such breach materially increases the risk of loss, damage or injury within the coverage of the contract" (Insurance Law § 3106 [b]). Ordinarily, the question of the materiality of a misrepresentation or breach of warranty is a question of fact for the jury *(see, e.g., Sebring v Fidelity-Phenix Fire Ins. Co.,* 255 NY 382). It is only where the evidence concerning the materiality is clear and substantially uncontradicted that the question is a matter of law for the court to decide *(see, Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, *affd* 42 NY2d 928). Here the question of the materiality of any breach by the plaintiff in failing to report these earlier losses is not clear or uncontradicted. The policy here at issue is a $10 million excess layer over and

above a primary $10 million layer and it is a question of fact whether when dealing with a policy of such magnitude the failure to report these earlier, relatively minor, losses so materially increased the risk for the reinsurer as to justify its refusal to make payment under the reinsurance contract. Furthermore, the unsworn statement of McTaggart, submitted on the motion in support of the breach of warranty claim, that he would not have agreed to bind the reinsurance policy had he known of the "wettings" or potential losses, is conclusory and self-serving and should not have been accorded the conclusive import ascribed to it by the IAS court.

The IAS court primarily focused on RLI's liability, and essentially coupled defendant broker Hodson's possible liability with that of RLI instead of independently evaluating Hodson's obligations to plaintiff in the context of their broker-client relationship. The record discloses questions of fact as to whether Hodson itself was negligent, or violated its instructions, in giving a warranty on plaintiff's behalf and/or in failing to properly bind a policy on September 15. These issues precluded the granting of summary judgment dismissing plaintiff's alternate claims against Hodson. Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.