■ ALBANY INSURANCE COMPANY, Respondent-Appellant, v FASHION AVENUE KNITS, INC., et al., Appellants-Respondents. [617 NYS2d 774] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about December 8, 1993, which denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.

Plaintiff seeks to have a policy of insurance previously issued to defendant Fashion Avenue Knits declared void *ab initio* as a result of various misrepresentations made to plaintiff by defendant broker Newport Coverage Corp. Fashion Avenue seeks to recover for losses sustained between the date a notice of Cancellation was issued but prior to the cancellation date stated therein, or alternatively, against Newport for insurance broker malpractice.

The court properly denied summary judgment to plaintiff as the question of whether the misrepresentation is material pursuant to Insurance Law § 3105 presents a question of fact for the jury *(see, Continental Ins. Co. v RLI Ins. Co.,* 161 AD2d 385, 387),* and the evidentiary statements presented were insufficient to conclusively establish that the misrepresentations regarding the number of Fashion Avenue's outside contractors were material *(see, Wittner v IDS Ins. Co.,* 96 AD2d 1053).* Disputed issues of fact also exist as to whether plaintiff should be estopped from declaring the policy void *ab initio* based on its action in sending a prospective notice of cancellation, since the evidence was insufficient to determine when plaintiff knew of the total number of outside contractors *(see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 853). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.