■ JANA-ROCK CONSTRUCTION, INC., Appellant, v CITY OF ROME, Respondent. [738 NYS2d 263] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this breach of contract action seeking payment due under a "Coldmilling and Resurfacing Program" contract between the parties. Supreme Court properly denied plaintiff's motion for summary judgment on the complaint, but erred in granting defendant's cross motion for summary judgment dismissing the complaint. Although the court properly determined that the payment provision in the contract is ambiguous because there is more than one reasonable interpretation of that provision (*see generally, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573; *St. Mary v Paul Smith's Coll. of Arts & Sciences,* 247 AD2d 859), the court erred in resolving that ambiguity in the contract in defendant's favor. "If there is ambiguity in the terminology used * * * and determination of the intent of the parties depends on credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury" (*Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *see, Airco Alloys Div., Airco Inc. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 77). Here, both parties submitted extrinsic evidence supporting their conflicting interpretations of the payment provision in the contract, and thus summary judgment is precluded (*see, St. Mary v Paul Smith's Coll. of Arts & Sciences, supra,* at 860).

Contrary to defendant's contention, the various clauses in the contract requiring plaintiff to examine the forms and specifications of the contract do not preclude plaintiff from contesting defendant's interpretation of the payment provision in the contract (*cf., Lake Constr. & Dev. Corp. v City of New York,* 211 AD2d 514, 515). In addition, an ambiguous payment provision is not an inherent business risk that was assumed by plaintiff, requiring plaintiff to accept defendant's interpretation of that provision (*cf., Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246, 249). Finally, contrary to the further contention of defendant, its engineer does not "have the power to construe the [payment provision of the] contract" (*Davis, Inc. v Merritt-Chapman & Scott Corp.,* 27 AD2d 114, 118).

We therefore modify the order and judgment by denying the cross motion and reinstating the complaint. (Appeal from Order and Judgment of Supreme Court, Oneida County, Sha-

heen, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.