■ DDS Partners, LLC, et al., Appellants, v Vincent Celenza et al., Respondents, et al., Defendant. [794 NYS2d 1]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 11, 2004, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Celenza, Celenza & Celenza and the Omino partnership for partial summary judgment dismissing the second, third, fifth and seventh causes of action, unanimously modified, on the law, the second and fifth causes of action reinstated, and

otherwise affirmed, with costs in favor of plaintiffs payable by defendant Celenza.

Defendant Vincent Celenza had a legal duty to refrain from impairing the goodwill he had transferred to plaintiffs as part of the sale of his dental practice to them (*see Mohawk Maintenance Co. v Kessler*, 52 NY2d 276, 285-286 [1981]). Plaintiffs' purported failure to notify Dr. Celenza's patients of the change in ownership did not nullify the acquisition of goodwill. In fact, he was employed by plaintiff Manhattan Dental and continued to treat his patients (*cf. Weiner v Weiner*, 88 Misc 2d 920, 924 [1976]). The court erred in finding, as a matter of law, that Dr. Celenza's alleged solicitation of his former patients was excused by plaintiffs' abandonment of those patients, purportedly in violation of the Board of Regents Rules on Unprofessional Conduct (*see* 8 NYCRR 29.2 [a] [1]). Rather, the relevant inquiry is whether Dr. Celenza's solicitation of those patients was necessary in furtherance of his ethical duty not to abandon them. On this subject, multiple issues of fact preclude the grant of summary judgment.

The claim for breach of fiduciary duty should be reinstated. Dr. Celenza owed a duty of loyalty to his new employer and could not be in business for himself while so employed (*Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81 [1984], *appeal dismissed* 63 NY2d 675 [1984]). An employee's duty of loyalty remains even in the absence of a contract restriction (*see Support Sys. Assoc. v Tavolacci*, 135 AD2d 704, 706 [1987]). There are still factual issues concerning Dr. Celenza's scheduling of patient appointments for his new practice and solicitation of plaintiffs' employees to join that new venture while still employed by Manhattan Dental.

The claims for breach of the employment agreement and unfair competition, based on the alleged misuse of patient lists, were properly dismissed since plaintiffs did not complete the acquisition of the list, as specified in the parties' agreement, and the records remained the property of defendants. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sullivan, J.P., Williams, Gonzalez and Catterson, JJ.