■ SYRACUSE ORTHOPEDIC SPECIALISTS, P.C., Appellant, v DAVID R. HOOTNICK, M.D., Respondent. [839 NYS2d 897]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 14, 2006. The order and judgment denied

plaintiff's motion for summary judgment and sua sponte granted defendant summary judgment dismissing the first cause of action.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying summary judgment to defendant on the first cause of action and reinstating that cause of action and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant breached the terms of his employment agreement with plaintiff in various ways. Plaintiff thereafter withdrew its second, fifth and seventh causes of action, leaving intact the first, third, fourth and sixth causes of action. Supreme Court denied those parts of plaintiff's motion for summary judgment with respect to the third, fourth and sixth causes of action for, respectively, breach of the employment agreement based on the failure of defendant to turn over to plaintiff the fees he received for conducting medical examinations as a nontreating physician and acting as an expert witness, conversion and breach of fiduciary duties. The court also denied that part of plaintiff's motion for summary judgment dismissing defendant's sole remaining counterclaim, which in effect alleges constructive discharge, and the court sua sponte granted summary judgment to defendant dismissing the first cause of action, for breach of the employment agreement based on defendant's failure to provide the 90-day prior written notice of termination.

We conclude that the court properly denied those parts of plaintiff's motion with respect to the third, fourth and sixth causes of action (see Jana-Rock Constr. v City of Rome, 289 AD2d 970 [2001]). "To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the agreement 'is the only construction which can fairly be placed thereon' " (Jellinick v Naples & Assoc., 296 AD2d 75, 78-79 [2002]), and plaintiff failed to meet that burden. The parties' employment agreement is ambiguous with respect to the meaning of the term "practice." Thus, there are issues of fact concerning the interpretation of the employment agreement, including whether providing medical examinations as a nontreating physician and testifying as an expert witness are a part of that practice and whether defendant was required to turn over the fees from those services to plaintiff, and the parties submitted conflicting extrinsic evidence with respect to their intent. Further, the issue of fact whether plaintiff's orthopedic practice included providing nontreating physician and expert witness services precludes summary judgment on the sixth cause

of action, for breach of fiduciary duties (*see generally Carella v Scholet*, 34 AD3d 915, 917 [2006]; *DDS Partners, LLC v Celenza*, 16 AD3d 114, 115 [2005]).

We further conclude that the court properly denied that part of plaintiff's motion for summary judgment dismissing defendant's sole remaining counterclaim, for constructive discharge. "In the case of every contract there is an implied undertaking on the part of each party that he [or she] will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his [or her] part" (*Patterson v Meyerhofer*, 204 NY 96, 100 [1912]). Even assuming, arguendo, that plaintiff met its initial burden with respect to that counterclaim, we conclude that defendant either raised triable issues of fact with respect to the grievances listed in his remaining counterclaim or plaintiff admitted that it committed the acts underlying those grievances. Specifically, plaintiff admitted that it removed defendant's name from the telephone book listing and its letterhead, removed defendant from the rotation for incoming patients, did not provide one of the two February 2003 draw payments for all of its physicians, and failed to renew defendant's excess malpractice insurance. It is the province of the finder of fact to determine whether plaintiff's acts in allegedly breaching the implied covenant in the employment agreement are material. "It is only where the evidence concerning the materiality is clear and substantially uncontradicted that the question is a matter of law for the court to decide" (*Continental Ins. Co. v RLI Ins. Co.*, 161 AD2d 385, 387 [1990]).

We reject plaintiff's contention that defendant waived his right to sue for breach of the employment agreement, i.e., for constructive discharge, because he continued to perform under it following plaintiff's alleged breach of the employment agreement. "A party to an agreement who believes it has been breached may elect to continue to perform the agreement and give notice to the other side rather than terminate it" (*Capital Med. Sys. v Fuji Med. Sys., U.S.A.*, 239 AD2d 743, 746 [1997]). "When performance is continued and such timely notice is given, the nonbreaching party does not waive the right to sue for the alleged breach . . . However, by choosing not to terminate the contract at the time of the breach, the nonbreaching party 'surrenders his [or her] right to terminate later based on that breach' " (*Albany Med. Coll. v Lobel*, 296 AD2d 701, 702-703 [2002]). Here, defendant's counsel sent numerous letters to plaintiff's counsel timely notifying plaintiff of what defendant considered to be breaches by plaintiff of the employment agreement. Consequently, defendant did not waive his right thereafter to sue plaintiff for those alleged breaches.

We further conclude, however, that the court erred in sua sponte granting defendant summary judgment dismissing the first cause of action, and we therefore modify the order and judgment accordingly. Plaintiff alleges in that cause of action that defendant failed to provide the contractually required 90-day written notice that he was terminating his employment agreement. The court determined that, based on the conduct of plaintiff in essentially forcing defendant out of its employment, plaintiff was equitably estopped from enforcing that provision of the employment agreement. Equitable estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982], *rearg denied* 57 NY2d 674 [1982]). "[E]stoppel is ordinarily a question of fact for trial" (*Reeve v General Acc. Ins. Co. of N.Y.*, 239 AD2d 759, 761 [1997]), however, and, "in the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, 'an essential element of estoppel [i]s lacking' " (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006]).

Here, defendant knew that, if he could not negotiate a satisfactory termination agreement with plaintiff, he was obligated to give plaintiff 90 days' notice of his departure from the medical practice. We conclude that plaintiff's conduct after those negotiations ended merely creates an issue of fact whether defendant could justifiably rely on plaintiff's conduct to conclude that plaintiff did not need or want him to give the required 90 days' notice. Thus, we cannot determine as a matter of law whether plaintiff was estopped from invoking the 90-day notice of termination clause (*see id.* at 107), and neither plaintiff nor defendant is entitled to summary judgment on the first cause of action. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.