# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**230**

**CA 10-01922**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

WILJEFF, LLC, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

UNITED REALTY MANAGEMENT CORP.,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

KELLEY DRYE & WARREN LLP, NEW YORK CITY (JOSEPH A. BOYLE OF COUNSEL),
FOR DEFENDANT-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (DAVID J. EDWARDS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a partial judgment of the Supreme Court, Monroe
County (Kenneth R. Fisher, J.), entered December 21, 2009 in a breach
of contract action. The partial judgment, among other things, awarded
plaintiff the sum of $156,001.20 against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia,
damages arising out of defendant's breach of the Management Agreement
(Agreement) between the parties, pursuant to which defendant was to
manage a mixed-use complex (complex) owned by plaintiff. Plaintiff
terminated the Agreement after defendant allegedly failed to perform
its obligations thereunder, and defendant subsequently withdrew a
certain sum from a bank account owned by plaintiff as a termination
fee, alleging that it was entitled to such a fee because plaintiff had
terminated the Agreement without cause. Supreme Court denied
defendant's motion to strike the complaint, granted plaintiff's cross
motion for partial summary judgment on the second cause of action,
determining that plaintiff's termination of the Agreement was for
cause, and entered judgment against defendant in the amount of the
termination fee that it improperly withdrew, plus interest and costs.
We affirm.

Addressing first the cross motion, we reject defendant's
contention that the court erred in considering certain affidavits
submitted in support of the cross motion inasmuch as defendant was not
permitted to depose those affiants. "Although a [cross] motion for
summary judgment may be opposed on the ground 'that facts essential to
justify opposition may exist but cannot then be stated'. . ., 'the

opposing party must make an evidentiary showing supporting [that] conclusion, mere speculation or conjecture being insufficient' " (*Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169; *see Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1134-1135). Here, the record establishes that three of the four disputed affiants testified with respect to facts derived from documents within defendant's possession, and defendant thus failed to establish that the court should have denied the cross motion or issued a continuance to permit disclosure concerning those facts (*see Croman v County of Oneida*, 32 AD3d 1186; *see also Mancuso v Allergy Assoc. of Rochester*, 70 AD3d 1499, 1501). We further conclude that the court properly considered the affidavits of plaintiff's senior counsel submitted in support of the cross motion inasmuch as he testified, inter alia, to his "intimate[ ] familiar[ity]" with the issues central to the affidavits and this case. Consequently, his affidavits "constitute sound evidentiary proof with respect to the matters addressed therein" (*Matter of Jamaica Neighborhood Based Alliance Coalition v Department of Social Servs. of State of N.Y.*, 227 AD2d 40, 43, *appeal dismissed* 89 NY2d 1085, *lv denied* 90 NY2d 808).

Contrary to defendant's further contention, we conclude that plaintiff met its initial burden of establishing, pursuant to the terms of the Agreement, that there was a material breach of that contract and thus that it was entitled to partial summary judgment determining that its termination thereof was for cause. "As a general rule, rescission of a contract is permitted for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual[] or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*Lenel Sys. Intl., Inc. v Smith*, 34 AD3d 1284, 1285 [internal quotation marks omitted]; *see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284). Generally, the question whether a breach is material is for the finder of fact but, " 'where the evidence concerning the materiality is clear and substantially uncontradicted . . .[,] the question is a matter of law for the court to decide' " (*Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 892), and that is the case here. In support of the cross motion, plaintiff submitted the affidavit of its certified public accountant, who described gross mismanagement of the complex by defendant, as well as the affidavit of a marketing director who had performed work for plaintiff and indicated that defendant failed to engage in the requisite marketing efforts.

In opposition to the cross motion, defendant did not contradict those affidavits and instead attempted to establish that plaintiff was not entitled to summary judgment because it had not stated in sufficient detail the nature of the alleged breach. We conclude that defendant failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Pursuant to the termination provisions of the Agreement, a party terminating the Agreement must give notice to the other party "specifying in detail a material breach [thereof] . . . ." The Agreement does not define "in detail" and, inasmuch as there is no

extrinsic evidence establishing the meaning of that phrase, we may determine the question whether the notice letter provided sufficient detail as a matter of law (see *Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88, *lv denied* 97 NY2d 603). Here, the letter by which plaintiff notified defendant of the breach of the Agreement alleged, inter alia, that defendant kept inaccurate tenant and financial records, that defendant failed to provide timely, complete and accurate financial and accounting information with respect to the complex's rent roll, accounts receivable and cash reconciliation information and that defendant failed to provide timely notice of delinquency to tenants and plaintiff. Defendant thereafter offered a detailed response to those allegations. Thus, the error of which defendant was provided notice was defendant's *general* ineptitude, rather than the *specific consequences* of its approach to the management of the complex. Such notice was sufficient pursuant to the terms of the Agreement. Indeed, the Agreement required that plaintiff, as the party seeking to terminate the Agreement, specify in detail a material breach, i.e., defendant's pervasive incompetence, rather than imposing upon plaintiff the heavier obligation of particularizing each and every effect of the breach.

Contrary to defendant's contention, the decision of the Court of Appeals in *Chinatown Apts. v Chu Cho Lam* (51 NY2d 786) does not compel a different determination. That case does not articulate a general rule that effective notice of termination of any contract must always contain a recitation of each and every specific provision of the contract that allegedly has been violated. Further, there is no merit to the contention of defendant that the court's reference in its written decision to "industry standards" requires reversal inasmuch as that reference was a passing remark not essential to the decision (see generally *Edgreen v Learjet Corp.*, 180 AD2d 562).

We further conclude that the court did not abuse its discretion in denying defendant's motion to strike the complaint. "It is well settled that '[t]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed' " (*Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715). We have "repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious[] or in bad faith" (*Perry v Town of Geneva*, 64 AD3d 1225, 1226 [internal quotation marks omitted]). Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse (see *Hill v Oberoi*, 13 AD3d 1095). Here, there is no merit to defendant's contention that plaintiff failed to disclose certain e-mails, and plaintiff had a reasonable excuse for failing to produce certain witnesses for deposition, given the location at which defendant requested to depose those witnesses (see CPLR 3110 [1]).

Entered: March 25, 2011                      Patricia L. Morgan
                                             Clerk of the Court