# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**937**

**CA 11-02348**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

LAURIE KASH, INDIVIDUALLY AND AS LIMITED
ADMINISTRATOR OF THE ESTATE OF GERTRUDE
KASH, DECEASED, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

JEWISH HEALTH CARE SYSTEM OF ROCHESTER, INC.
AND JEWISH HOME AND INFIRMARY OF ROCHESTER,
N.Y., INC., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David Michael Barry, J.), entered November 4, 2011 in a declaratory judgment action. The judgment, inter alia, declared that plaintiff had breached a confidentiality agreement between the parties.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating those parts of the first through third decretal paragraphs concerning plaintiff's disclosure of the resolution of the prior action and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff's decedent commenced an action against defendants seeking damages for injuries she sustained as a result of defendants' alleged medical malpractice. When decedent died, plaintiff was appointed the representative of her estate and continued the action. On the eve of trial, the parties settled, and the settlement was confirmed by an agreement by the parties dated October 11, 2010 (agreement) and a subsequent release signed on December 10, 2010 (release). A week later, plaintiff, through her attorneys, issued a press release stating that the action had been resolved. The press release outlined the facts constituting the claim and revealed that Medicaid and Medicare liens would be reimbursed "as part of the resolution."

Defendants, by their attorneys, issued a press release in which they asserted that plaintiff's press release was "inappropriate" and that they have asked Supreme Court to "review the actions" of

plaintiff's attorneys. Plaintiff then commenced this action seeking a declaration that, inter alia, the agreement did not prohibit her or her family members from publicly disclosing the facts regarding the incidents that occurred when decedent was a resident of defendants' facility. Defendants asserted a counterclaim seeking a declaration that, inter alia, plaintiff breached the terms of the agreement and the release by publication of plaintiff's press release. Defendants then moved and plaintiff cross-moved for summary judgment. As relevant to this appeal by plaintiff, the court granted the motion in part, declaring, inter alia, that plaintiff had breached the agreement and release by revealing that a resolution was reached and by revealing the terms of the resolution in the press release. Plaintiff now appeals.

At the outset, we agree with the parties and the court that the agreement and release are unambiguous. It is well settled that the interpretation of an unambiguous contract is for the court (see *Chimart Assoc. v Paul*, 66 NY2d 570, 571-572). It is equally well settled that, "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162; see *R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32, *rearg denied* 98 NY2d 693). Here, the agreement provided that "the settlement is conditioned upon a covenant of confidentiality with respect to the terms of the resolution of the matter as to all parties and an agreement not to disclose the terms hereof to any publication, media, media source or outside party except for attorneys and tax advisors." The release provided that "this settlement is confidential and shall not be made public in any way. Specifically, plaintiff agrees to a covenant of confidentiality with respect to the terms of the above described resolution of this matter as to all parties, and agrees not to disclose the terms hereof to any publication, media, media source, or outside party except for tax advisors and attorneys." We agree with plaintiff that the agreement and release prohibited plaintiff from disclosing the *terms* of the settlement, but they did not prohibit plaintiff from stating that the action had been settled. To the extent that the court declared that plaintiff breached the agreement and release by revealing that a resolution was reached, that was error, and we therefore modify the judgment accordingly.

We conclude, however, that the court properly declared that the agreement and release prohibited plaintiff from disclosing the terms of the resolution, that plaintiff breached her confidentiality obligations contained in the agreement and release by disclosing terms of the resolution in the press release, and that plaintiff shall not in the future make public in any way the terms of the resolution contained in the agreement and release. Contrary to plaintiff's contention, defendants did not waive any rights they had based on plaintiff's breach. The record establishes that, when they paid the settlement amount and therefore performed their obligations under the agreement, defendants also made a specific reservation of their rights based on plaintiff's breach (see *Syracuse Orthopedic Specialists, P.C.*

*v Hootnick*, 42 AD3d 890, 892).

Entered:  September 28, 2012                Frances E. Cafarell
                                           Clerk of the Court