# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**81**

**CA 15-00820**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

BERNARD A. UNGER, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

MICHAEL A. GANCI, DEFENDANT-RESPONDENT.

---

LAW OFFICES OF GARY R. EBERSOLE, GRAND ISLAND (STEPHEN C. HALPERN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LIPPES MATHIAS WEXLER FREIDMAN LLP, BUFFALO (KEVIN BURKE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered September 12, 2014. The order granted the motion of defendant for partial summary judgment on the issue of liability on his first counterclaim and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff commenced this action alleging that defendant breached an agreement providing, inter alia, that defendant would pay plaintiff for the "book of business/client list" of approximately 200 client accounts from plaintiff's financial services business, which he sold to defendant because he relocated to Florida in October 2010. In his answer, defendant asserted nine counterclaims, including that plaintiff willfully breached the agreement not to compete with defendant when plaintiff returned to Western New York and opened a new financial services business in late 2012, and that plaintiff "solicited" business from six of his former clients. Defendant alleged in the first counterclaim (counterclaim), which seeks rescission of the agreement, that the "breaches are so substantial and fundamental that they defeat the object of the agreement." Supreme Court granted defendant's motion seeking partial summary judgment on the issue of liability on the counterclaim, rescinded the agreement, and dismissed the complaint. That was error.

The record establishes that, at the time the action was commenced, plaintiff was handling the financial accounts for six of his former clients, four of whom were immediate family members and two of whom were dissatisfied with services provided by defendant. Plaintiff submitted affidavits from those former clients, who averred that plaintiff did not solicit their business but, instead, that they

requested that he manage their accounts.  The court determined that plaintiff "took over" those six accounts and that he implied in an email to defendant that he intended to solicit business from other former clients, which constituted a material breach of the agreement warranting rescission.

We conclude that defendant failed to establish his entitlement to judgment as a matter of law on the counterclaim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  As a preliminary matter, "[t]o be entitled to summary judgment, the moving party has the burden of establishing that its construction of the agreement is the only construction which can fairly be placed thereon" (*Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 891 [internal quotation marks omitted]), and defendant failed to meet that burden here.  The court rejected defendant's contention that the agreement prohibited plaintiff from operating a financial services business in Western New York, and we note that defendant does not contend on appeal, as an alternative basis for affirmance, that the court erred in that determination (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).  Even assuming, arguendo, that defendant established that plaintiff breached the agreement by taking over the financial accounts of six of defendant's clients, " '[a]s a general rule, rescission of a contract is permitted for such a breach as substantially defeats its purpose.  It is not permitted for a slight, casual[] or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (*WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1617).  We conclude that defendant failed to establish as a matter of law that the alleged breach was material and willful, or so substantial and fundamental as to strongly tend to defeat the object of the agreement (*cf. id.* at 1617-1618).

Entered:  February 11, 2016                    Frances E. Cafarell
                                                Clerk of the Court