Almontaser v Roswell Park Cancer Inst. Corp. (2025 NY Slip Op 03898)

Almontaser v Roswell Park Cancer Inst. Corp.

2025 NY Slip Op 03898

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

358 CA 23-00042

[*1]NORA ALMONTASER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF SELLAH ALMONTASER, DECEASED, CLAIMANT-APPELLANT,
v
ROSWELL PARK CANCER INSTITUTE CORPORATION, DOING BUSINESS AS ROSWELL PARK CANCER INSTITUTE, DEFENDANT-RESPONDENT. (CLAIM NO. 123266.) (APPEAL NO. 1.) 

PAUL WILLIAM BELTZ, LLC, BUFFALO (ANNE BELTZ-RIMMLER OF COUNSEL), FOR CLAIMANT-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA C. ROSSI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered December 8, 2022. The order granted the motion of defendant to dismiss the claim and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, claimant appeals from an order granting defendant's motion to dismiss the claim pursuant to CPLR 3126. We affirm. "The nature and degree of a sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the court, and the striking of a pleading is appropriate only upon a clear showing that a party's failure to comply with a discovery demand or order is willful, contumacious or in bad faith" (Mosey v County of Erie, 117 AD3d 1381, 1384 [4th Dept 2014]). In support of its motion, defendant established that, for the nearly 10 years that the claim was pending, claimant failed repeatedly to respond to discovery demands and disregarded orders regarding discovery, and her failure to comply was willful, contumacious or in bad faith (see Peterson v New York Cent. Mut. Fire Ins. Co., 174 AD3d 1386, 1388 [4th Dept 2019]). The burden thus shifted to claimant to establish a reasonable excuse for her conduct (see WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1619 [4th Dept 2011]), and she failed to meet that burden (see Peterson, 174 AD3d at 1388). We
therefore conclude that the Court of Claims did not abuse its discretion in granting the motion and dismissing the claim.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court